### James T. Tartt, Adm'r, v. Eugene Wahl and Otto Bauer.

1. ADMINISTRATION OF ESTATES—*Credits for Money Charged by Misapprehension.*—Where an administrator charged himself with pension money as assets of the estate, due to his intestate, but not collected at the time of her death, and afterward learned that accrued pensions were not to be considered as assets of the estate of a deceased pensioner, *it was held* that he was entitled to be credited with the amount in his final report.

2. INJURIES—*From Mere Negligence—Privity Necessary to a Recovery.*—In an injury arising from mere negligence, however gross, there must exist between the party inflicting the injury and the one injured, some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter.

In Probate.—Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Heard in this court at the February term, 1898. Reversed. Opinion filed August 31, 1898.

#### STATEMENT.

Mrs. Eugene Wahl was a government pensioner, and as such received $12 per month, payable every three months. For a number of years prior to her death, appellant was her conservator, and at her death, which occurred August 26, 1895, he became, by virtue of an act approved June 7, 1895, and in force July 1, 1895, the administrator of her estate.

At the time of the death of his ward, two installments of her pension, one due April 1st, and the other due August

1, 1895, were uncollected, but in making his report to the County Court soon after her death, appellant charged himself with the two sums, amounting to $72, and took credit for commission thereon at six per cent, but afterward, when he came to apply for it, he found that, by an act of Congress approved March 2, 1895, it was provided that accrued pensions should not be considered a part of the assets of the estate of a deceased pensioner, and where the pensioner was a widow and left no child under sixteen years of age surviving, only so much of such accrued pension should be paid or allowed as might be necessary to reimburse the person bearing the expenses of the last sickness and burial of the pensioner, in case her estate proved insufficient for such purpose; and as the ward left no child under sixteen years of age, and her estate rendered unnecessary any such allowance, the government refused to pay the uncollected pension. After the expiration of two years from the death of his ward, when appellant made his next report looking to a final settlement of the estate, he credited himself with the $72 uncollected pension, and charged himself with the commission that he had taken credit for in his former report; and appellees appeared before the County Court and excepted to the item of $72 credit, but that court disallowed the exception and approved the report. From this order, appellees appealed to the Circuit Court of Madison County, which ordered said $72 to be added to the report without reference to the commission appellant had charged himself with, to which order appellant excepted and appealed to this court, and assigns for error the order charging appellant with $72.

TRAVOUS & WARNOCK, attorneys for appellant.

KROME & TERRY, attorneys for appellees.

MR. JUSTICE BIGELOW delivered the opinion of the court.

There is no question that appellant never in fact received the money, but it is insisted on the part of appellees, who

seem to be the heirs of the deceased pensioner, that the money was lost through the negligence of appellant. It is not easy to see that a thing can be lost that has not been first gained; and certainly, so far as appellees are concerned, it never had been gained by them, nor had they ever any right to it whatever. It was not property, even as to the pensioner herself. Until it was received in fact, it was a proffered gift of the government, that could be recalled at any time. It had no likeness to a debt owing to the ward.

It is true that the property that appellees would probably have inherited, had the money been received by appellant, would have been greater than it now is, but that is not a sufficient reason why appellant should be compelled to pay it. He owed no duty to appellees. He had secured no benefit to himself at their expense, and there was no privity between himself and appellees. Winterbottom v. Wright, 10 Mees. & Wel. 109; Buckley v. Gray, 110 Cal. 339. In the latter case the defendant, an attorney at law, was employed by plaintiff's mother to draw her will, which she directed should be so drawn as to leave all the residue of her estate to plaintiff and a brother, to the exclusion of the children of a deceased son. The defendant not only drew the will so negligently that the grandchildren took under it, but also had the plaintiff, though named in the will as a devisee, subscribe it as a witness to it, whereby its provisions were made void as to him, and the property which plaintiff failed to get on account of the negligence of the defendant amounted to $85,000. In deciding the case the Supreme Court of California said: "The rule is universal, that for an injury arising from mere negligence, however gross, there must exist between the parties inflicting the injury and the one injured, some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter."

The fact was plainly evident that plaintiff's mother intended that plaintiff should be benefited as a result of her contract with defendant in drawing her will, and as to this the court said: "Although the ultimate consequen-

tial injury to the plaintiff would appear to have been great, it was, so far as defendant is concerned, *damnum absque injuria*, against which courts are powerless to relieve."

No right of action ever accrued to the ward, and there was nothing to survive to her heirs, hence it is not necessary to inquire what actions survive under the statutes.

We hold that appellant bore no such relation to appellees as would give them a right of action to recover of him the amount of the unpaid pension, on the ground that he was negligent in not collecting the money, even if it be admitted that appellant was grossly negligent in the matter, which we are not prepared to hold.

The jurisdiction of the County Court to try the question whether appellant was grossly negligent in not collecting the two installments of pension has not be raised, and we express no opinion upon it, further than to observe that if it had not, the Circuit Court did not get jurisdiction of the question by appeal.

Because the Circuit Court erred in ordering the item of $72 to be charged to appellant in his report, the order of that court is reversed, and the order of the County Court is affirmed.