[No. 15905.   Department One.—December 10, 1895.]

VINCENT P. BUCKLEY, APPELLANT, *v.* GILES H. GRAY, RESPONDENT.

NEGLIGENCE — ATTORNEY AND CLIENT — DRAWING OF WILL — IMPROPER ACTION BY LEGATEE.—A legatee named in a will cannot maintain an action to recover for alleged negligence of an attorney employed by the testator to draw the will, in so drawing it as not to express legally the desires or direction of the testator as to the exclusion of grandchildren, by which exclusion the legatee would have been benefited, and in further causing the legatee to become one of the subscribing witnesses, thus rendering the will void as to him; and a complaint of such legatee seeking to recover damages from the attorney for such alleged negligence does not state a cause of action.

ID.—LIABILITY OF ATTORNEY FOR NEGLIGENCE LIMITED TO CLIENT—PRIORITY OF CONTRACT.—Where an attorney has been guilty of no fraud or collusion, nor of any malicious or tortious act, he is liable only to the client employing him for any injury arising from mere negligence, however gross, and cannot be held liable to a third party with whom he had no privity of contract.

ID.—BREACH OF CONTRACT—RIGHT OF THIRD PARTY.—A third party has no right to maintain an action for injuries resulting from a breach of contract between two contracting parties.

ID.—LIMIT OF ACTIONABLE NEGLIGENCE—DUTY.—The limit of the doctrine relating to actionable negligence, in the absence of fraud and collusion, is that the person causing the loss must owe a duty, arising from contract or otherwise, to the person sustaining such loss; and if there is no such duty no action can be maintained, no matter how great the loss of the plaintiff may be.

ID.—CONTRACT FOR BENEFIT OF THIRD PERSON—CONSTRUCTION OF CODE. Section 1559 of the Civil Code, which authorizes a third person to enforce a contract made by one person with another for his benefit, applies only to cases where the contract is made expressly for the benefit of the third person, and not where the third person is or may be incidentally or remotely benefited as a result of the contract.

ID.—DISTINCTION BETWEEN WILL AND CONTRACT.—The terms of the contract of employment of an attorney to draft a will are distinct from the terms of the will; and the fact that the will may be intended for the benefit of a third person does not make the contract of employment of the attorney a contract made expressly for his benefit.

ID.—INTENTION OF TESTATOR—EFFECT OF WILL—RIGHT OF LEGATEE NOT VESTED—ULTIMATE INJURY—DAMNUM ABSQUE INJURIA.—The intention of a testator that the legatee should be benefited by being provided for in his will in a particular way, if carried out, could not create a vested right until the death of the testator, and until that event the will would remain ambulatory, and the provision for the legatee could be at any time changed or withdrawn; and any ultimate consequential injury to the legatee by the negligence of the attorney in not drafting the will according to the testator's intention, however great it may be, is *damnum absque injuria*, against which the courts cannot relieve.

APPEAL from a judgment of the Superior Court of Alameda County. FRANK B. OGDEN, Judge.

The facts are stated in the opinion of the court.

*Blake, Williams & Harrison*, for Appellant.

An attorney is liable to his client for negligence in the discharge of his duties, and he is also liable to third parties suffering damage from his negligence. (*Wood* v. *Weir*, 5 B. Mon. 544; 16 Am. & Eng. Ency. of Law, 419, 420; *People* v. *Bradt*, 6 Johns. 318; *Newberry* v. *Lee*, 3 Hill, 523; *Kane* v. *Van Vranken*, 5 Paige, 62; *McVey* v. *Cantrell*, 8 Hun, 522; Weeks on Attorneys, 2d ed., 584–89; 1 Am. & Eng. Ency. of Law, 561; *Gambert* v. *Hart*, 44 Cal. 542; *Galveston City R. R. Co.* v. *Hewitt*, 67 Tex. 473; 60 Am. Rep. 32; *Gynn* v. *Kelly*, 1 Strob. 402; *Cushman* v. *Brown*, 6 Paige, 539; *White* v. *Washington*, 1 Barnes' Notes, 411; *Robson* v. *Eaton*, 1 Term Rep. 62; *Goodwin* v. *Gibbons*, 4 Burr. 2108; *Barker* v. *Braham*, 3 Wils. 368, 377; *Vincent* v. *Groome*, 1 Chit. 182; *Bates* v. *Pilling*, 6 Barn. & C. 38.) As Mrs. Buckley's employment of defendant was for the benefit of plaintiff, he owed a contractual duty to plaintiff to exercise ordinary care. (*Rodenbarger* v. *Bramblett*, 78 Ind. 213; *Henderson* v. *McDonald*, 84 Ind. 149; *Carnahan* v. *Tousey*, 93 Ind. 561; Civ. Code, sec. 1559; *Dutton* v. *Pool*, 1 Vent. 318; *Felton* v. *Dickinson*, 10 Mass. 287; *Mellen* v. *Whipple*, 1 Gray, 317; *Jefferson* v. *Asch*, 53 Minn. 446; 39 Am. St. Rep. 618.)

*Haven & Haven*, for Respondent.

An attorney is not liable for negligence to one between whom and himself the relation of attorney and client does not exist. (Weeks on Attorneys, 2d ed., sec. 293; *Fish* v. *Kelly*, 17 Com. B., N. S., 194; *Brown* v. *Mallett*, 5 Com. B. 599; *Seymour* v. *Maddox*, 16 Q. B. 326; *Buffalo* v. *Holloway*, 7 N. Y. 493; 57 Am. Dec. 550; 16 Am. & Eng. Ency. of Law, 411; Cooley on Torts, c. 21; Wharton on Negligence, sec. 3; *Kahl* v. *Love*, 37 N. J. L. 5; *Warner* v. *Railroad Co.*, 6 Phila. 537; Deering on Negli-

gence, sec. 3; *Savings Bank* v. *Ward*, 100 U. S. 195; *Harshman* v. *Winterbottom*, 123 U. S. 222; *Roddy* v. *Missouri Pac. Ry. Co.*, 104 Mo. 234; 24 Am. St. Rep. 333; *Winterbottom* v. *Wright*, 10 Mees. & W. 109; *Burdick* v. *Cheadle*, 26 Ohio St. 393; 20 Am. Rep. 767; *Maguire* v. *Magee* (Pa., April 23, 1888), 13 Atl. Rep. 551; *Necker* v. *Harvey*, 49 Mich. 518; *Deford* v. *State*, 30 Md. 195; *Marvin Safe Co.* v. *Ward*, 46 N. J. L. 19; *Sproul* v. *Hemmingway*, 14 Pick. 1; 25 Am. Dec. 350; *Mann* v. *Chicago etc. Ry. Co.*, 86 Mo. 347; *Lampert* v. *Laclede Gaslight Co.*, 14 Mo. App. 376; *Gordon* v. *Livingston*, 12 Mo. App. 267; *Loop* v. *Litchfield*, 42 N. Y. 357; 1 Am. Rep. 543.) A third party can sue only for breach of contract expressly made for his benefit; the fact that a benefit would inure to him from the performance of the contract is not sufficient. (*Simson* v. *Brown*, 68 N. Y. 355; *Lake Ontario R. R. Co.* v. *Curtiss*, 80 N. Y. 222; *Vrooman* v. *Turner*, 69 N. Y. 280; 25 Am. Rep. 195.)

VAN FLEET, J.—Action to recover for negligence of attorney in drafting and executing a will.

The court below sustained a demurrer to the complaint, and plaintiff failing to amend, judgment was entered against him, from which he appeals.

The complaint alleges, in substance, that on October 5, 1883, defendant, an attorney at law, was employed by Mrs. C. M. A. Buckley, the mother of plaintiff, to draw her will, which she desired and directed to be so drawn as to leave all the residue of her estate (after certain specific legacies), to her two sons, then living, the plaintiff and one John P. Buckley, to the exclusion of the children of a deceased son of the testatrix; that in pursuance of such employment defendant on said day drew a will for said testatrix, and superintended and directed the execution thereof; that in the preparation of said will, and in directing the execution thereof, the defendant was guilty of gross carelessness and negligence in the performance of his professional duties, in this, that said will was so drawn as not to legally express the de-

sires or direction of the testatrix as to the exclusion of said grandchildren, but in such manner that the latter were permitted under the will to take of her estate; and that in directing the execution of said will this plaintiff, although named in said will as one of the devisees thereunder, was caused by the defendant to become one of the subscribing witnesses thereto, thereby rendering the provisions of said will as to the plaintiff void.

It is further alleged that said John P. Buckley died before the testatrix; that thereafter, in May, 1891, said testatrix died without having revoked or altered said will; that the will was admitted to probate, and the estate of said testatrix duly administered, and that under the decree of distribution said grandchildren received one-half of said estate, amounting to eighty-five thousand dollars, in which amount plaintiff alleges himself damaged, and for which he asks judgment against defendant.

We think the demurrer was properly sustained. In our judgment the complaint clearly fails to state a cause of action against defendant in favor of the plaintiff. It is to be observed that the action is not by the client, but by a third party, her son. It is a general doctrine, sustained by an overwhelming weight of authority, that an attorney is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care, to his client alone—that is, to the one between whom and the attorney the contract of employment and service existed, and not to third parties. The exceptions to this general rule, if they may be in strictness deemed such, are where the attorney has been guilty of fraud or collusion, or of a malicious or tortious act. Responsibility for a fraudulent act is independent of any contractual relation between the guilty party and the one injured; and one committing a malicious or tortious act to the injury of another is liable therefor, without reference to any question of privity between himself and the wronged one. Where, however, neither of these elements enter into the transaction, the rule is

universal that for an injury arising from mere negli-
gence, however gross, there must exist between the party
inflicting the injury and the one injured some privity
by contract or otherwise, by reason of which the former
owes some legal duty to the latter.    (2 Shearman and
Redfield on Negligence, secs. 562, 574; *Savings Bank* v.
*Ward,* 100 U. S. 195, and cases therein cited; *Roddy* v.
*Missouri Pac. Ry. Co.,* 104 Mo. 234; 24 Am. St. Rep. 333,
and cases cited.)

In *Savings Bank* v. *Ward, supra,* the general rule
above adverted to is exhaustively discussed, and its limi-
tations stated by Mr. Justice Clifford for the court.
That was a case where a third party sought to maintain
an action against the attorney for damages resulting to
him from relying upon the correctness of a defective
certificate of title to a piece of real estate furnished by
the attorney to a client, upon the faith of which the
plaintiff had loaned money on the property.    In hold-
ing that the plaintiff could not maintain the action, it
is there said: " Beyond all doubt the general rule is, that
the obligation of the attorney is to his client, and not to
a third party, and, unless there is something in the cir-
cumstances of this case to take it out of that general rule,
it seems clear that the proposition of the defendant must
be sustained.    (Shearman and Redfield on Negligence,
sec. 215.)    Conclusive support to that rule is found in
several cases of high authority. (*Fish* v. *Kelly,* 17 Com. B.,
N. S., 194.)"    And after commenting upon the case of
*Fish* v. *Kelly, supra,* and the case of *Robertson* v. *Flem-
ing,* 4 Macq. 167, 209, from the latter of which cases
Lord Wensleydale is quoted as saying that " he only
who, by himself or another as his agent, employs the
attorney to do the particular act in which the alleged
neglect has taken place, can sue him for that neglect,
and that that employment must be affirmed in the dec-
laration of the suit in distinct terms," the learned jus-
tice proceeds: "Analogous cases, involving the same
principle, are quite numerous, a few of which only will
be noticed.    They show to a demonstration that it is

not every one who suffers a loss from the negligence of another that can maintain a suit on such grounds. On the contrary, the limit of the doctrine relating to actionable negligence, says Beasly, C. J., is, that the person occasioning the loss must owe a duty, arising from contract or otherwise, to the person sustaining such loss. Such a restriction on the right to sue for a want of care in the exercise of employments or the transaction of business is plainly necessary to restrain the remedy from being pushed to an impracticable extreme. There would be no bounds to·actions and litigious intricacies if the ill effects of the negligence of men may be followed down the chain of results to the final effect. (*Kahl* v. *Love*, 37 N. J. L. 5, 8.) . . . . Cases where fraud and collusion are alleged and proved constitute exceptions to that rule, and Parke, B., very properly admits, in the following case, that other exceptions to it exist which are as sound in principle as the judgments which establish the rule. (*Longmeid* v. *Holliday*, 6 Ex. 761–67.) Examples of the kind are given in that case, two of which deserve to be noticed, as they have been urged in argument to disprove the rule; but they cannot have any such effect, for the plain reason that they stand in many respects upon a different footing. These cases, say the court in that opinion, occur where there has been a wrong done to the person, for which he would have a right of action, though no such contract had been made; and the court gives as an illustration the patient injured by improper medicines prepared by an apothecary, or one unskillfully treated by a surgeon, where both would be liable to the injured party even if the father or friend of the patient contracted with the wrongdoer."

In *Roddy* v. *Missouri Pac. Ry. Co.*, *supra*, it is said: "The right of a third party to maintain an action for injuries resulting from a breach of contract between two contracting parties has been denied by the overwhelming weight of authority of the state and federal courts of this country, and the courts of England. To hold

that such actions could be maintained would not only lead to endless complications in following out cause and effect, but would restrict and embarrass the right to make contracts, by burdening them with obligations and liabilities to others, which parties would not voluntarily assume." (Citing *Winterbottom* v. *Wright*, 10 Mees. & W. 109, and a large number of other cases.) "The rule is put upon two grounds, either of which is unquestionably sound. One ground is given by the court in the opinion in *Winterbottom* v. *Wright, supra*, as follows: 'If we were to hold that plaintiff could sue in such a case, there is no point·at which such actions would stop. The only safe rule is to confine the right to recover to those who enter into the contract; if we go one step beyond that, there is no reason why we should not go fifty.' The other ground is thus stated in the New Jersey case above cited: 'The object of parties in inserting in their contracts specific undertakings, with respect to the work to be done, is to create an obligation *inter sese*. These engagements and undertakings must necessarily be subject to modifications and waiver by the contracting parties. If third persons can acquire a right in a contract, in the nature of a duty to have it performed as contracted for, the parties will be deprived of control over their own contracts. Plaintiff, not being a party to the contract, cannot maintain this action on account of injuries resulting from any breach of duty defendant owed Pickle, arising purely out of the terms of the contract between them.' "

No authority has been brought to our notice contravening the rule as stated in the foregoing citations. Some, which at first glance might be so taken, will be found upon analysis to fall within one or the other of the exceptions noted, and not to infringe upon the general doctrine. Within such class fall the cases relied upon by plaintiff to support his general right to maintain the action. This case comes strictly within the general doctrine as above stated. No fact is alleged bringing it within any of the exceptions thereto. It is

not alleged that defendant did the 'act charged maliciously, or through any evil intent, or with any fraudulent purpose, or that he did it in any affirmative sense. The complaint proceeds solely upon the theory that it was through negligence arising either from ignorance or carelessness, or both; and this, although it may be conceded that the complaint discloses an instance of the grossest ignorance on the one hand, or unpardonable carelessness on the other, and shows very grievous injury to plaintiff as a result, does not, within the principles above announced, make a case entitling the plaintiff to maintain the action.

It is claimed, however, that the action can be maintained under the rule expressed in section 1559 of our Civil Code, that a contract made by one person with another for the benefit of a third person may be enforced by the latter, the argument being that the employment of defendant by plaintiff's mother to draw her will was clearly for plaintiff's benefit, inasmuch as the latter was one of the objects of her bounty, as expressed in her will; and a number of cases are cited which are supposed to bring the case within that rule. But in our judgment that provision has no application to this case. It is intended to apply to instances where the contract is made *expressly* for the benefit of the third person, not where the third person is or may be merely incidentally or remotely benefited as a result of such contract. Such is the language of the code, and such will be found to be the application of the doctrine in all the cases cited by counsel, or which have come to our attention. The terms of section 1559 are: " A contract made *expressly* for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." This rule, we are told by Mr. Pomeroy (Remedies and Remedial Rights, sec. 139), was originally adopted prior to the reformed procedure, being based partly upon considerations of convenience and partly upon a liberal construction of the nature of the contract, and the purpose of which was to avoid circuity of action, and to

enable the real party in interest to sue. That author proceeds to give us illustrations of its application, and each instance given is a case where the contract was in express terms made for the benefit of the third party, and by reason of which the latter became the real party in interest. No such application of the doctrine as is here contended for is even remotely hinted at. The contract between the plaintiff's mother and the defendant, which was the subject of the breach, cannot be said in any legal sense to have been expressly made for plaintiff's benefit. It was a contract for employment of defendant's services as an attorney to draft the will of Mrs. Buckley, the immediate purpose of which was for the benefit of the latter, to enable her to make disposition of her estate in accordance with her desire. Remotely, it is true, she intended plaintiff to be benefited as a result of such contract, by providing for him in her will. Such provision, however, could create no vested right in plaintiff until the death of the testatrix. Until that event the will remained purely ambulatory, and the provision for plaintiff could be at any time changed or withdrawn. It therefore created a mere possibility in plaintiff—not a right which made him in law a privy to the contract. To hold that by reason of the provision for plaintiff in the will the contract is to be considered one made expressly for his benefit is to confound the terms of the will with those of the contract. The latter alone was the subject of the breach, and by defendant's negligence in carrying out that contract the testatrix alone suffered legal injury. Although the ultimate consequential injury to plaintiff would appear to have been great, it was, so far as defendant is concerned, *damnum absque injuria*, against which the courts are powerless to relieve. In this view, it is not material to notice the other objections made to the complaint. The demurrer having been properly sustained, it follows that the judgment should be affirmed.

It is so ordered.

GAROUTTE, J., and HARRISON, J., concurred.