Decided 2 July, 1900.

## CURREY *v.* BUTCHER.

[ 61 Pac. 631.]

ATTORNEY AND CLIENT—PLEADING NEGLIGENCE.

1. A complaint alleging that defendants, a firm of attorneys, contracted with plaintiff to examine the title to certain land; that they so carelessly performed their duty that they failed to discover the existence of a judgment lien against the land; that afterwards, on discovering its existence, they fraudulently concealed it from plaintiff's knowledge, but permitted her to make the purchase, relying on their previous representations; that they then bought the judgment themselves, transferring it in trust to a third party, and compelled her finally to purchase it from him; states a cause of action for negligence in performing a duty which they, as attorneys, owed to their client, rather than a cause of action for breach of the contract of employment.

SUFFICIENCY OF PLEADING—DEFECTS CURED BY VERDICT.

2. In an action against a firm of attorneys for negligence in examining a title, objections to the introduction of evidence on the ground that the complaint did not set forth a cause of action because it did not describe the land; because it did not state that an execution could legally issue on the judgment alleged to have been a lien, and not reported; because it did not allege that the judgment debtors were insolvent; and because it did not appear that the judgment antedated the decree in the foreclosure suit brought by plaintiff's vendor against his judgment debtor, were properly overruled, such objections being merely technical, and going to an imperfect statement of a cause of action rather than a failure to state a cause. Such objections are cured by verdict, all intendments being in favor of the pleading when attacked during the trial.

HARMLESS ERROR—ESTOPPEL.

3. Where there is uncontradicted parol evidence, in an action against attorneys for negligence in examining a title, tending to show that plaintiff authorized her husband to employ defendants to make the examination, the admission of the record of a power of attorney from plaintiff to her husband, if error, is harmless, since, if the defendants were employed by the husband to act for the plaintiff, and did act in that capacity, they cannot defend the action on the ground that the husband had no authority to employ them.

OBJECTIONS NOT MADE AT THE TRIAL.

4. The supreme court will not consider an objection to the admission of testimony when first urged on appeal; attorneys should state the point of objection when the testimony is offered.

HARMLESS ERROR.

5. Evidence offered in support of an admitted allegation is immaterial but harmless.

SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY—NONSUIT.

6. Where there is any competent evidence in support of a material allegation in a complaint, the case should be submitted to the jury, as they are the sole judges of the sufficiency of competent evidence.

TO WHOM ATTORNEY IS LIABLE FOR NEGLIGENCE.

7. An attorney is liable for negligence in the performance of his profession only to his client, and if the attorney was not aware that the person who employed him was the agent of a third person, there was no privity of contract between the attorney and such person, and no liability to him by the attorney for negligence under the employment.

From Baker:  ROBERT EAKIN, Judge.

Action by Lulu P. Currey against W. F. Butcher and H. C. Eastham.  The defendants are attorneys at law, and this action is brought against them to recover damages for an alleged negligent performance of professional duties. The complaint alleges, in substance, that, at all the times therein mentioned, the defendants were partners, engaged in the practice of law in the courts of Oregon, under the firm name and style of Butcher & Eastham ; that in the month of June, 1898, they were employed by the plaintiff to manage and conduct negotiations relative to the purchase of certain real estate in Baker County, and to examine the public records of such county to ascertain whether such property was subject to liens by judgment, mortgage, or otherwise; that they agreed and undertook to make such examination, and afterwards stated and represented to the plaintiff that they had done so, and that there were no liens by judgment or otherwise on the land, except certain judgments and decrees known to both plaintiff and defendants ; that plaintiff, believing such representations and relying thereon, and being advised and counseled by defendants that she might safely do so, entered into a written contract with the owners of the land, by the terms of which she purchased their right and title thereto for the sum of $1,575; that in truth and in fact there was then existing on the records of such county a judgment in favor of one Griswold, and against P. R. Bishop, a former owner of the land, and one Stuller, upon which there was then a balance of $575.87 due, which judgment was a lien upon the property referred to ; that defendants failed and neglected to examine the public records of the county, or to discover such lien, or to advise plaintiff of the existence thereof, but, on the contrary, being informed

of its existence about the time plaintiff consummated the contract for the purchase of the land, they wickedly kept and concealed such knowledge from her, and fraudulently purchased the judgment for themselves, causing it to be assigned and transferred to one A. A. Kerr, who held the same in trust for them ; that thereafter defendants procured other attorneys to act for and on their behalf, and to demand of plaintiff the payment of the amount due on such judgment, and, in the name of Kerr, their said trustee, had the land levied upon and advertised for sale ; that during all such times the plaintiff was ignorant of the true ownership of the judgment, and was consulting and advising with defendants in relation thereto, and they were pretending to counsel with and advise her as her attorneys and counselors, and were charging her for said pretended services ; that at and during said time, and before the plaintiff discovered the truth respecting the ownership of such judgment, she was compelled to and did employ legal assistance in the City of Portland, at an expense of $150, and was put to other expense in sending an agent to Portland, and in telegraphing and telephoning, amounting, in the aggregate, to $102.80 ; that, after plaintiff discovered the fraud the defendants had practiced upon her, she immediately endeavored to buy the judgment and stop the sale on execution, and did finally arrange with a relative of hers to buy the same for her, and on the twenty-fifth of February, 1899, consummated the purchase by paying to the defendants' agent the sum of $350, the lowest sum defendants would accept for such judgment.

A motion to strike out all that portion of the complaint in reference to the purchase of the Griswold judgment by the defendants, and the expenditure of money by the plaintiff on account thereof, was overruled, and defendants answered separately. The defendant Butcher, by

his answer, denies all the material allegations of the complaint, except the partnership between himself and codefendant, and the rendition, docketing and existence of the judgment in favor of Griswold and against Bishop and Stuller, and for a further and separate defense alleges that all or any services ever at any time performed by the firm of Butcher & Eastham, or either of them, in connection with the purchase, or contract for the purchase, of said lands, were done and performed for one H. E. Currey alone, and consisted of separate acts and services done under separate directions given by him, and for him only, and that there never was a general contract between them, covering negotiations for the purchase, or contract for the purchase, of any land whatever ; that Currey never at any time requested of defendants, or either of them, to make a full or complete examination of the records of Baker County regarding the lands, or the title thereof ; that defendant suggested to him, before any purchase was made, or any contract entered into concerning such lands, that he should procure an abstract for the purpose of ascertaining the true condition of the title, but he refused to have the same made, or to pay therefor.    The defendant Eastham, by his answer, denies all the material allegations of the complaint, except the partnership between himself and the defendant Butcher, and the existence of the judgment of Griswold against Bishop, and, for a further and separate defense, sets up substantially the same facts pleaded by the defendant Butcher.    A reply was filed, putting in issue the new matter contained in the answers.    Upon the issues thus joined, a trial was had, resulting in a verdict and judgment in favor of the plaintiff for the sum of $520, and the defendants appeal, assigning as error divers and sundry rulings of the trial court made during the progress of

the trial, and its refusal to give certain instructions requested by them.                                    REVERSED.

For appellants there was a brief and an oral argument by *Mr. W. F. Butcher, in pro. per.*, and *Mr. Thos. H. Crawford*.

For respondent there was a brief and an oral argument by *Mr. Dell Stuart*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   After the jury had been impaneled, but before any evidence was offered, the defendants moved the court for an order requiring the plaintiff to elect whether she would rely for a recovery upon a breach of the contract of employment, or upon that feature of the complaint which charges that, in the course of the employment, the defendants purchased an outstanding title or lien on the property, to her damage.   The overruling of the motion constitutes the first assignment of error.   It was based upon the contention that the complaint states two causes of action,—one for a breach of contract, and the other in tort for certain alleged fraudulent acts of the defendants in the course of their employment, but, as we understand the pleading, the gist of the action is the negligence of the defendants in the performance of a duty which they owed to the plaintiff by reason of their employment.   She avers that they undertook and agreed to examine for her the title to certain land which she contemplated purchasing, and that the work was so negligently and carelessly done that they failed to discover and report to her a judgment lien thereon, by reason of which she was damaged.   Where one adopts the legal profession, and assumes to exercise its duties in behalf

of another for hire, the law imposes a duty to exercise reasonable care and skill, and if an injury results to his client from want thereof he is liable to respond in damages to the extent of the injury sustained. This duty and liability arises from the relation of the parties under the contract, rather than from the contract itself, and at common law the injured party could sue, either in assumpsit, for a breach of the implied promise, or in case, for the neglect of duty : 3 Enc. Pl. & Prac. 107. In the latter instance it is necessary to aver the contract of employment, showing the relation of attorney and client, as a matter of inducement, because without such contract there could be no duty to the plaintiff, and hence no liability. As stated by Mr. Justice McDONALD, in *Emigh* v. *Pittsburg, etc. R. R. Co.* 4 Biss. 114 (Fed. Cas. No. 4,449) : "When there is a contract, either express or implied, from which a common law duty results, an action on the case lies for a breach of that duty, in which case the contract is laid as mere inducement, and the tort arising from the breach of duty as the gravamen of the action. Thus, if a lawyer or physician is engaged by special contract to render professional services, and if, in the performance of such services, he is guilty of gross ignorance or negligence, an action on the case will lie against him, notwithstanding such special contract." And Mr. Bliss, after quoting from Chitty that "the inducement or averment by way of introductory allegation is peculiarly proper where a party is charged upon, or in respect of, the breach of a contract or implied duty resulting from any particular character or capacity of defendant," says : "This doctrine is applied to declarations against attorneys, physicians and mechanics for negligence, and against carriers and innkeepers for loss of goods ; the contract or possession of the property and

the injury being the gist or substance, while the allegations showing the occupation of the defendant, in reference to which the contract was made or the duty arose, show matter of inducement:" Bliss, Code Pl. (3 ed.) § 150. It is clear, therefore, that the averment of the contract of employment does not change the action from one of negligence on account of the failure of the defendants to perform the duty arising out of the relation of attorney and client to an action on contract. And the allegations in reference to the subsequent purchase by the defendants of the Griswold judgment, and the other matters in relation thereto, were properly pleaded as matter in aggravation of damages. The complaint, therefore, states but one cause of action, and there was no error in overruling the motion.

2. It is next urged that the court erred in overruling defendant's objection to the introduction of any evidence because the complaint does not state facts sufficient to constitute a cause of action. This objection having been raised upon the trial, the plaintiff is entitled to the benefit of all intendments in favor of the pleading which she could invoke after verdict: *Specht* v. *Allen,* 12 Or. 117 (6 Pac. 494); *Baker City* v. *Murphy,* 30 Or. 405 (42 Pac. 133, 35 L. R. A. 88). The particular objection made to the complaint seems to be that it is defective because (1) it does not describe the land which defendants were employed to assist the plaintiff in purchasing, or to which the lien of the Griswold judgment attached; (2) it appears therefrom that no execution could lawfully issue on the Griswold judgment without a revivor thereof; (3) it contains no allegation that Bishop and Stuller were insolvent.; and (4) no averment that the Griswold judgment antedated the decree in the forclosure suit of Balfour, Guthrie & Co. against Bishop. All these points

are technical, and amount only, in effect, to an objection that the cause of action is imperfectly stated; and such objections are cured by verdict.

3. The next assignment of error is the action of the court in admitting the record of a power of attorney from the plaintiff to her husband, H. E. Currey; but this, if error, was immaterial, for there is uncontradicted parol evidence tending to show that her husband had authority to act for her in the purchase of the land in question, and to employ the defendants to examine the title and assist in such purchase. If the defendants were employed by H. E. Currey to act as the attorneys for and represent the plaintiff in the purchase of the land and the examination of the title, and assumed to and did act in that capacity, they certainly cannot defend an action brought by her against them for negligence on the ground that H. E. Currey had not sufficient authority to employ them.

4. It is further insisted that the contract for the purchase and sale of the land, made by Balfour, Guthrie & Co. and the plaintiff, was improperly admitted in evidence, because its execution was not proven by the subscribing witnesses. A sufficient answer to this position is that no such objection was made to the introduction of the instrument when offered in evidence; hence it is unavailing now.

5. The claim is also made that the court erred in admitting a certified copy of the judgment lien docket, showing the Griswold judgment; but no issue was made in the pleadings upon that question, and therefore the admission of this testimony was immaterial, and could have affected no substantial interest of the defendants.

6. It is next contended that the court erred in overruling defendants' motion for a nonsuit, and in not instructing the jury to find a verdict in favor of the

defendants. This motion was based upon the contention that there was no proof that defendants were actually employed by the plaintiff to examine the title to the land referred to, or that the relation of attorney and client existed between them. It is sufficient to say that an examination of the record discloses that there was some evidence tending to support the plaintiff's claim upon this point. Its sufficiency was for the jury, and not the court. It is not necessary to quote or particularly refer to the testimony. Indeed, in view of the conclusion we have reached upon another point, which will necessitate a new trial, comment thereon would be improper.

7. Error is also assigned because the court refused to give the following instruction requested by the defendants: "If you find from the evidence in this case that the defendants, as attorneys, were employed by H. E. Currey to assist him in negotiating a purchase of the land named in the complaint, and to look up and pass upon the title thereto, and that at the time the defendants were so employed, and performed the work of looking up the title to said land, they had no knowledge or information that said H. E. Currey was acting as the agent of the plaintiff Lulu P. Currey, then I instruct you that the relation of attorney and client did not exist as between the plaintiff and these defendants, or either of them, in connection with such employment, and your verdict should be for the defendants." We think this instruction ought to have been given. The principal questions of fact seem to be (1) whether the defendants were, in fact, the attorneys of the plaintiff or of H. E. Currey; and (2) whether they were employed to examine and report upon the title to the land in question, or to do certain specific acts not embracing such examination. It was important, therefore, that the question of defendants' employment be clearly and distinctly submitted to the jury, so that they

might intelligently pass upon this feature of the case. "It is a general doctrine, sustained by an overwhelming weight of authority," says Mr. Justice Van Fleet, "that an attorney is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care to his client alone; that is, to the one between whom and the attorney the contract of employment and service existed, and not to third parties:" *Buckley* v. *Gray*, 110 Cal. 339 (52 Am. St. Rep. 88, 42 Pac. 900, 31 L. R. A. 862). And Mr. Jaggard, in his recent work on Torts, says: "In actions against members of the bar for negligence it is well settled that only the person with whom the attorney contracts can maintain the action, for it is to him alone that the attorney owes a particular duty:" 2 Jaggard, Torts, 904. This rule, with its limitations, is adverted to and exhaustively discussed by the Supreme Court of the United States in the case of *Bank* v. *Ward*, 100 U. S. 195, which was an action for damages against an attorney by a party who loaned money upon a defective certificate of title to a certain piece of real estate, furnished by the attorney to another. It was held that the plaintiff could not maintain the action, because there was no privity of conduct between him and the attorney; the court saying: "Beyond all doubt, the general rule is that the obligation of the attorney is to his client, and not to a third party, and unless there is something in the circumstances of this case to take it out of that general rule, it seems clear that the position of the defendant must be sustained."

And so it has been held that an attorney employed to draw a will is not liable to a person who, through the attorney's ignorance or negligence in the discharge of his professional duties, was deprived of the portion of the estate which the testator instructed the attorney should be given such person by the will: *Buckley* v. *Gray*, 110

Cal. 339 (52 Am. St. Rep. 88, 42 Pac. 900, 31 L. R. A. 862). And again, an attorney employed by a mortgagee to examine the security, and who gives his client a certificate of title, is not liable to an assignee of the mortgagee for loss by reason of error in the certificate : *Dundee Mtg. Co.* v. *Hughes* (C. C.), 20 Fed. 39, and note to same, 24 Am. Law. Reg. 197, 202 ; 2 Shearman & Redfield, Neg. (5 ed.) § 562 ; Mechem, Agency, § 836. Unless, therefore, the relation of attorney and client existed between the plaintiff and the defendants, she cannot maintain an action against them for negligence in examining the title for another ; nor is this rule any the less applicable in this case because H. E. Currey may have, in fact, been the agent of the plaintiff and acting for her in the employment of the defendants, unless that fact was known to them. The relation of attorney and client is a personal relation, and can only be entered into by the consent of both parties. Mr. Weeks says : "It is said that two things are necessary to establish the relation between attorney and client : (1) The agreement of the attorney to be an attorney for the party ; and (2) the agreement of the party to have the other for an attorney :" Weeks, Attys. at Law (2 ed.), § 185. If the defendants knew, as plaintiff contends, that H. E. Currey was, in fact, the agent of and acting for the plaintiff, and so employed them, they would, of course, be liable to her the same as if the employment was by her in person ; otherwise, not.

It may be urged that the court substantially instructed the jury in accordance with the rule of law above indicated, in its general charge, but we cannot concur in that view. It is true, the court charged the jury in two or three instances that, to enable the plaintiff to recover, she must establish by a preponderance of the evidence that she employed the defendants to look up the title to the

land, as to liens thereon, etc.; but, in view of the two important questions of fact, these instructions could well be understood by the jury to apply particularly to the character of the defendants' employment, rather than to the person by whom they were employed. In any event, the defendants were entitled to have the question clearly and distinctly submitted to the jury, and it was error for the court to refuse the instruction requested upon this point.

The defendants also requested the court to charge the jury that: "The gist of this action is the breach of an alleged contract by the defendants, as the attorneys of plaintiff, in failing to discover certain defects in the title to real estate claimed to have been purchased by the plaintiff, which defect consisted of an outstanding judgment lien, which judgment lien the plaintiff was afterwards compelled to buy at a cost of $350; and, before plaintiff can recover in this case, she must establish, by a preponderance of the evidence, this contract of employment and the breach thereof; and, failing to do that, the fact that the defendant Eastham afterwards, in November, purchased this judgment, and compelled the plaintiff to pay him therefor the sum of $350, would not make, and cannot make, the defendants liable in this action. The only matter you can consider the purchase of this judgment by the defendant Eastham for is in ascertaining and determining the amount of damages the plaintiff is entitled to recover, provided she satisfies you by a preponderance of the evidence that the defendants, prior to such purchase, in June, 1898, negligently and carelessly failed to discharge their duty as attorneys under her employment of them in negotiating the sale and looking up the title to this land, if such employment ever existed." This instruction was evidently intended to advise the jury that the plaintiff was not entitled to

recover in this action solely on account of the purchase by the, defendant Eastham of the Griswold judgment, some months after the contract for the purchase of the land was entered into by the plaintiff; and it was proper that the jury should have been so instructed upon this feature of the case. As before suggested, the gist of the action is the negligence of the defendants in failing to discover and report the Griswold lien; and, unless such negligence is shown, the purchase by the defendants, or either of them, of the outstanding judgment lien, would not, in itself, expose them to liability to the plaintiff in this action. The proposed instruction quoted is open to some objection, and was perhaps properly refused on account of its language, because, among other things, it states that the action is for the breach of an alleged contract, when, as we have seen, it is an action of negligence pure and simple; yet the point referred to should have been covered by the instructions of the court.

For the refusal to give the instruction requested, in reference to the employment of the defendants by H. E. Currey, the judgment of the court below must be reversed, and the cause remanded for a new trial; and it is so ordered.        REVERSED.

Decided 9 July; rehearing denied 19 November, 1900.