Argued January 9, reversed and remanded March 12,
petition for rehearing denied April 23, 1969

## SCHNELL, *Respondent, v.* GOODWILL INDUSTRIES OF OREGON, *Appellant.*

451 P2d 484

*Edwin J. Peterson,* Portland, argued the cause for appellant. With him on the briefs were Paul R. Duden and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*Dwight L. Schwab,* Portland, argued the cause for respondent. With him on the brief were Frank H. Hilton, Jr., and Hutchinson, Schwab & Burdick, Portland, and David B. Williamson and Williamson & Whipple, St. Helens.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and MENGLER,* Justices.

GOODWIN, J.

Plaintiff recovered a judgment for damages for injuries sustained when she was knocked down in the defendant's store. The defendant appeals.

The store, known as the "As Is Store," is an outlet for a variety of articles of donated, used, factory-defective, and other merchandise sold at bargain prices without warranty of quality. The store attracts a hardy band of customers, many of whom are themselves operators of second-hand stores. During business hours, the stock of merchandise is supplemented from time to time. When new merchandise is brought into the store, customers tend to assemble promptly at the unloading point, and when two or more customers discover the same bargain at the same time, priority of possession prevails. Into this environment, the plaintiff and her sister had entered as customers.

The two women shopped for several hours. During the afternoon, a workman wheeled in a cart loaded with nine-by-twelve rugs and started unloading the rugs. While the workman was unloading a rug, it came into contact with the plaintiff and she fell or was knocked down on the cement floor, breaking her hip.

---

* Mengler, J., did not participate in the decision of this case.

The complaint charged the defendant with five specifications of negligence:

"a. Failure to keep a proper lookout for plaintiff.

"b. Failure to warn plaintiff of the danger to her person at the place where she was standing.

"c. Jerking a rug against and across plaintiff's foot and bumping her arm at the time.

"d. In unloading rugs in that portion of said store normally occupied by customers during business hours.

"e. In unloading rugs at a time and place where plaintiff was in a position of danger."

The trial court submitted all five specifications of negligence to the jury. On appeal, the defendant assigns error to the court's refusal to withdraw the specification which charged negligence in "unloading rugs in that portion of said store normally occupied by customers during business hours."

The quoted specification of negligence assumes that a storekeeper has a duty not to unload rugs in the portion of his store normally frequented by customers. There is, of course, a duty not to unload rugs negligently, and this duty provides the underlying assumption for each of the remaining specifications of negligence. No facts are alleged from which the unloading of rugs can be characterized as an extrahazardous activity. Accordingly, the allegation that the defendant unloaded rugs in the portion of the store normally occupied by customers simply does not allege the breach of any duty owed the plaintiff.

The Restatement (Second) of Torts § 297 (1965) states the correct analysis of the defendant's legal duty:

"A negligent act may be one which involves an unreasonable risk of harm to another

"(a) although it is done with all possible care, competence, preparation, and warning, or

"(b) only if it is done without reasonable care, competence, preparation, or warning."

As Comment *a* to the section points out, (a) deals with acts dangerous in themselves and (b) deals with acts dangerous only because of the manner in which they are performed. The challenged specification of negligence, which treated the unloading of rugs as a dangerous act in itself, placed before the jury an erroneous theory of the defendant's duty. It is no more reasonable to argue that the defendant had a duty not to unload rugs during business hours where customers were present than it would be to argue that a grocery store has a duty not to restock its shelves during business hours.

The plaintiff failed with reference to specification d to fulfill the requirements set out in *Klerk v. Tektronix, Inc.,* 244 Or 10, 13, 415 P2d 510 (1966), where this court stated:

"It is well established that actionable negligence arises only from the breach of a duty owed by one person to another, and that to state a cause of action for negligence the complaint must state the duty imposed or facts from which the law will imply a duty. *Hendricks v. Sanford,* 216 Or 149, 337 P2d 974 [(1959)]."

Notwithstanding the need for a new trial because of the erroneous submission of an allegation of negligence, it is not necessary to discuss the remaining assignments of error. Each of the points presented involves a question that should not arise in the future if the case is properly tried.

Reversed and remanded.

SLOAN, J., dissenting.

The issue decided by the majority was not properly presented to the trial court. The request to withdraw the specification of alleged negligence was included with a large number of requested instructions. Otherwise, the trial court's attention was not directed to this question at all. No reason or argument was given to the court as to why the allegation should have been withdrawn. It is unrealistic, to say the least, that the pressures under which the trial judge must now function permit him to first find and then to examine and *sua sponte* decide whether the evidence or reason supports the issue buried within a mass of other requested instructions. This is truly sand-bagging the judge.

The reasons why we should disregard issues not presented to the trial court need not be repeated. It is enough to say that we add to the burdens of this court and the trial courts by ordering new trials on issues that the trial court could have corrected, if necessary, if the issue had been timely directed to the court's attention. *Miller v. Lillard,* 1961, 228 Or 202, 364 P2d 766; *Vancil v. Poulson,* 1964, 236 Or 314, 388 P2d 444.

This, and a few similar cases, are establishing undesirable practice and precedent. With rare exception we should limit decision on appeal to issues actually presented to, argued to, and decided by the trial courts.