Argued February 8, reversed March 31, petition for rehearing denied April 24, 1977

McEVOY, *Appellant,*
*v.*
HELIKSON, *Respondent.*
(TC 75-488, SC 24484)

562 P2d 540

John G. Meyer, Willamina, argued the cause and filed a brief for appellant.

Rudy R. Lachenmeier, of Vergeer, Samuels, Roehr & Sweek, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Tongue, Howell, Bryson, Lent, Linde and Mengler, Justices.

TONGUE, J.

## TONGUE, J.

This is an action for damages for malpractice and negligence against an attorney by the former husband of the attorney's client. Defendant demurred to the complaint on the ground that as a matter of law the defendant, as an attorney, owed no legal duty to plaintiff, who was not his client. That demurrer was sustained. Plaintiff appeals from the resulting judgment for defendant.

Plaintiff's complaint (with attached documents) alleged that he was the father and Susan McEvoy, his former wife (and defendant's client) was the mother of a minor child; that plaintiff and Susan McEvoy were divorced by a decree which awarded to plaintiff custody of the child, subject to visitation rights by the mother; that subsequently, on July 22, 1974, another order was entered by the court under which the mother was given temporary custody of the child until August 10, 1974, at which time she was to deliver the child to plaintiff. That order also provided

> "That the Petitioner [mother] and her husband shall forthwith deliver to the attorney for Petitioner [defendant] all passports in their possession. Said passports shall be delivered to an attorney for Petitioner in Santa Cruz, California, that they be returned upon written instructions, approved by the attorney for Petitioner and the attorney for Respondent, the same to be returned to Petitioner when the child has been returned to the Respondent [plaintiff]."

That order, a copy of which was attached to the complaint, was signed not only by the circuit judge, but was also signed (in effect as a stipulation) by both parties and by each of their attorneys, including defendant, as attorney for the child's mother.

The complaint goes on to allege that by that stipulation the parties to it (including defendant) "agreed to perform and serve in accordance therein"; that at that time it was known to all signers of the stipulation that Mrs. McEvoy (the mother) was a

[ 783 ]

citizen of Switzerland; and that the two attorneys "agreed upon a licensed attorney of the State of California to act as required by the stipulations in the order." It is then alleged that

## "VIII.

"That Defendant, pursuant to the stipulations in the order received the passports referred to in the stipulations in the order, for delivery upon the terms and conditions agreed upon therein.

## "IX.

"That Plaintiff, pursuant to the stipulations in the order, delivered the minor child to Susan Lee McEvoy, aka Susan Joyet.

## "X.

"That Susan Lee McEvoy, aka Susan Joyet, has not performed in accordance with the stipulations in the order, but has in fact removed the minor child from the United States of America to the foreign nation of Switzerland.

## "XI.

"That contrary and in breach of the stipulations in the order and contrary to the agreement referred to in paragraph VII herein, defendant Wayne G. Helikson, did not deliver the passports as required in the stipulations in the order, which was a breach of duty defendant failed to carry out that he owed Plaintiff.

## "XII.

"That defendant was negligent in the following acts, errors or omissions, and these same acts, errors or omissions were the proximate cause of the damage and injury to the plaintiff. (1) That defendant did not deliver the passports in accordance with the order marked 'Exhibit B' or in accordance with the manner in which and to the person whom defendant and John M. Biggs agreed should receive the passports from defendant. (2) Defendant did deliver the passports in a manner in which Susan Lee McEvoy, aka Susan Joyet, received the passports.

## "XIII.

"That the minor child has not been returned to Plaintiff.

[ 784 ]

"XIV.

"That Plaintiff has been damaged materially by the negligence of defendant, and has incurred expenses in the sum of Five Hundred ($500.00) Dollars.

"XV.

"That Plaintiff has suffered the loss of the companionship, love and affection of his minor child and has suffered anguish and mental suffering due to the loss of his minor child in the sum of One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars and this loss is continuing."

Defendant's primary contention is that under the rule stated by the court in *Currey v. Butcher,* 37 Or 380, 388-90, 61 P 631 (1900), and in *Metzker v. Slocum,* 272 Or 313, 537 P2d 74 (1975), an attorney is not liable in an action for damages for legal malpractice to one other than his immediate client.[1]

It is to be noted, however, that in *Currey v. Butcher, supra,* it is recognized (at 389) that there may be "something in the circumstances of [a] case to take it out of that general rule."[2]

This case arises not from the negligence of an attorney in the performance of duties as an attorney and of a legal nature for his client, as in the typical action for legal malpractice. Instead, it arises from the negligence of an attorney in the performance of duties imposed upon him and accepted by him by the terms of a stipulation and an order of court and under which he was not required to perform duties as a lawyer or duties of a legal nature on behalf of his client, but was required to perform duties of a nonlegal nature which could have been performed as well by a nonlawyer or by an institution. Indeed, the arrangement was more like an escrow under which documents are to be held

---

[1] Defendant also contends that plaintiff's brief on appeal should be disregarded for failure to comply with the Rules of Procedure of this court. Even in such cases, however, we have considered the question whether the complaint alleges sufficient facts to constitute a cause of action. *Elvalsons v. Industrial Covers, Inc.,* 269 Or 441, 445, 525 P2d 105 (1974).

[2] Some states have also abandoned the rule requiring privity in an action for legal malpractice. *See* Annot., 45 ALR3d 1181, 1190 (1972).

subject to release only in strict accordance with escrow instructions and which may be performed by an attorney.[3]

If, however, this case be considered as an action for legal malpractice, rather than as an action for negligence by an escrow agent in the performance of his duties, we hold that these are sufficient "circumstances * * * to take [this case] out of [the] general rule" of *Currey v. Butcher, supra,* requiring privity in actions for legal malpractice.

■   It remains to consider whether the complaint in this case alleged sufficient facts as an action for damages for negligence, either as an action for malpractice or as an ordinary action for negligence, to satisfy the requirements of duty, breach of duty, causation and resulting damages.[4]

The requirement that a complaint in an action for damages for negligence must allege facts from which the law will imply a duty[5] is satisfied, in our judgment, by the allegation to the effect that defendant undertook the performance of a duty imposed upon him by the terms of an order of the court and accepted by him by signing the stipulation for entry of that order. By the terms of that order defendant was not to deliver the passports except in accordance with the terms of the order and not deliver them in such manner that they would be returned to his former wife without the return by her of the child to plaintiff. In other words, the interest of the plaintiff under the terms of that stipulation and order was of such a

---

[3] *Cradock v. Cooper,* 123 So 2d 256 (Fla App 1960). *See also Foulkes v. Sengstacken,* 83 Or 118, 126-27, 158 P 952, 163 P 311 (1917).

Because defendant's client joined in signing the stipulation for this order, the performance by defendant of the duties imposed by its terms did not involve any breach of duty to his client.

[4] *Harding v. Bell,* 265 Or 202, 204, 508 P2d 216 (1973), and Prosser on Torts 143, § 30 (4th ed 1971).

[5] *Schnell v. Goodwill Industries,* 253 Or 100, 103, 451 P2d 484 (1969).

nature, in our judgment, as to be "entitled to legal protection at the hands of the defendant."[6]

As for the element of breach of duty, the complaint alleged that "contrary [to] and in breach of" the terms of the stipulation and order defendant "did not deliver the passports" as required by such terms and also alleged that defendant was negligent in that:

"* * * (1) [He] did not deliver the passports in accordance with the order marked 'Exhibit B' or in accordance with the manner in which and to the person whom defendant and John M. Biggs agreed should receive the passports from defendant. (2) Defendant did deliver the passports in a manner in which Susan Lee McEvoy, aka Susan Joyet, received the passports."

We hold that these allegations were sufficient as allegations of a breach of the duty owed by defendant to plaintiff.[7] Defendant says that there was no allegation that he knew or should have known (i.e., should have foreseen) that upon delivering the passport in the manner in which it was delivered (i.e., without requiring the simultaneous return of the child) the mother would take the child to Switzerland in violation of the court order. Although foreseeability is an element of negligence, we have held that in an action of negligence, foreseeability need not be specifically alleged, but that a general allegation of negligence is sufficient and may be supported on trial by proof sufficient to satisfy the requirement of foreseeability. *See Mezyk v. National Repossessions,* 241 Or 333, 337-39, 405 P2d 840 (1965). In any event, it appears from the complaint and from the terms of the attached stipulation and order that at the time of the stipulation and order all parties to the stipulation knew, as well as the court, that Susan Lee McEvoy was then a citizen of Switzerland. The finder of facts could properly infer from all of such facts appearing in the complaint and in the

[6] *See* Prosser on Torts 206, § 37 (4th ed 1971).

[7] *Cf. Mezyk v. National Repossessions,* 241 Or 333, 337, 405 P2d 840 (1965); *Cunningham v. Oregon Farmers Inst.,* 168 Or 452, 454-55, 124 P2d 304 (1942), and cases cited therein.

stipulation and order, if supported by evidence on trial, that the primary purpose of the provisions requiring her to surrender her passport and requiring that it be returned only "when the child has been returned" to plaintiff, was to protect plaintiff against the happening of that very danger—i.e., that it was foreseeable that she might not return the child, but take it with her back to Switzerland.

As to the element of causation, the complaint alleges that the negligent conduct of defendant, as previously described and alleged, was "the proximate cause of the damage and injury to the plaintiff." Defendant contends that this allegation is insufficient because it appears from the face of the complaint that the "admittedly illegal violation of the court's order by defendant's client" was "unforeseeable" and "intervening" and was "the cause of plaintiff's alleged damages," citing *Aune v. Oregon Trunk Railway,* 151 Or 622, 51 P2d 663 (1935). As previously noted, however, from the facts alleged in the complaint and the attached order, if supported by evidence, the finder of facts could infer that the primary purpose of the arrangement as set forth in the stipulation and order was to protect plaintiff against defendant's client taking the child out of the country. For the same reasons, the finder of facts could also find that this danger was one which defendant had reason to anticipate, with the result that it would not be such an intervening cause as to relieve defendant from liability. *See* Prosser, *supra,* at 272-75, § 44. *See also Aune v. Oregon Trunk Railway, supra,* at 630.

■ Finally, defendant contends that the damages sought by plaintiff were improper in that "mere mental anguish unaccompanied by physical injury, is not ground for damages," citing *Hinish v. Meier & Frank Co.,* 166 Or 482, 506, 113 P2d 438 (1941).

As held in *Hinish,* however (at 506), and as conceded by defendant, "where the wrongful act constitutes an infringement of a legal right, mental suffer-

ing may be recovered for, if it is the direct, proximate and natural result of the wrongful act." Defendant contends, however, that "no legally recognized right [of plaintiff] was violated" and that, in effect, this is an action for alienation of affections, which is now barred by statute (Oregon Laws 1975, ch 562).

We disagree. Under the terms of the divorce decree, as attached to the complaint, plaintiff had a legal right to the custody of his child and it is the infringement of that right which is the subject of this action. It follows, in our opinion, that conduct by defendant which resulted in an infringement of that legal right, if established by evidence on trial, would entitle plaintiff to recover damages for "anguish and mental [suffering] due to the loss of his minor child," as alleged in the complaint. *See Pickle v. Page,* 252 NY 474, 169 NE 650 (1930). *Cf. Macca v. Gen. Telephone Co. of N. W.,* 262 Or 414, 420, 495 P2d 1193 (1972). We do not consider this to be an action for alienation of affections.[8]

For these reasons, we hold that the trial court erred in sustaining defendant's demurrer to plaintiff's complaint and that he is entitled to an opportunity by a trial to establish by evidence the allegations of his complaint.

Reversed.

---

[8] *McGrady v. Rosenbaum,* 62 Misc 2d 182, 308 NYS2d 181, aff'd, 37 App Div 2d 917, 324 NYS2d 876 (1970), cited by defendant, is distinguishable in that there the mother, who was withholding the child from the father, had been awarded its legal custody, subject only to visitation by the father.