**John J. FINN et al.**

v.

**Sumner H. LIPMAN et al.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1986.
Decided March 11, 1987.

John J. Finn (orally), Augusta, pro se.

Norman & Hanson, Jonathan W. Brogan (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

On appeal, the plaintiffs, John J. Finn, individually and as next friend for Sean P. Finn and Kevin M. Finn, infants (Finn), claim the Superior Court, Kennebec County, erred in entering a summary judgment for the defendants, Sumner H. Lipman and Lipman and Parks, P.A. (Lipman). For the reasons hereinafter set forth, we affirm the judgment.

As Count I in his complaint, Finn asserts that Lipman, while acting as an attorney for Sheila Finn in a divorce action in the Superior Court between Sheila Finn and John J. Finn, intentionally interfered with Finn's parental custody rights to his two minor children, Sean and Kevin. As Count II, Finn alleges that Lipman by these ac-

tions intentionally inflicted emotional distress on Finn. Lipman answered the complaint and filed a motion for summary judgment, attaching to the motion, *inter alia*, affidavits of Sumner H. Lipman and Sheila Finn. Finn filed counteraffidavits together with motions to dismiss Lipman's motion, strike the affidavits of Sumner H. Lipman and Sheila Finn, and impose sanctions on Lipman. The court entered a summary judgment for Lipman, and Finn appeals.

## I.

We first address Finn's contention that the Superior Court erred when taking judicial notice of and considering the underlying divorce action between Sheila Finn and John J. Finn in determining the motions of the respective parties in this case. Both parties had placed a portion of the record in the divorce proceeding in the record of the present case.

In ruling on the motions of the parties, the Superior Court stated that this case required a review of the underlying divorce action of which it was taking judicial notice. Judicial notice is governed by M.R. Evid. 201. A court has the discretion to judicially notice a fact that is not subject to reasonable dispute in that it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." M.R.Evid. 201(b). "Such matters include, among others, the prior pleadings filed in the same court in an action related to the cause pending before the court." *Union Mutual Fire Insurance Co. v. Inhabitants of the Town of Topsham*, 441 A.2d 1012, 1016 (Me.1982). We conclude that the trial court properly took judicial notice in the present case of the underlying divorce proceeding.

We also find no merit in Finn's claim that there is no support in the record for certain statements, characterized by Finn as findings, made by the court in its decision. The statements attacked are a historical recitation by the court of the changing social orientations to divorce and custody disputes and to the development of

the use of mediation in such disputes. Finn does not claim, and the record does not reflect, that the statements had any prejudicial effect on his substantial rights or any impact on the determination of the motions before the court. *See* M.R.Civ.P. 61.

Finn's further contention that the Superior Court erred by not granting his motion to strike the affidavits of Sumner H. Lipman and Sheila H. Finn and impose sanctions on Lipman is also without merit. The affidavits of Sumner H. Lipman and Sheila Finn filed by Lipman complied with the requirements of M.R.Civ.P. 56(e). We have repeatedly stated that the imposition of sanctions is discretionary with the trial court and is reviewable only for abuse of that discretion. *Pelletier et ux. v. Pathiraja*, 519 A.2d 187, 190 (Me.1986); *Oliver v. Martin*, 460 A.2d 594, 595 (Me.1983). Finn has failed to demonstrate to this court that the trial court abused its discretion in not imposing sanctions on Lipman.

## II.

As a preliminary to our addressing Finn's contention that the trial court erred in granting a summary judgment to Lipman, we must examine the elements of intentional interference with parental custody and of intentional infliction of emotional distress.

A. The tort of intentional interference with parental custody rights as set forth in the *Restatement (Second) of Torts* § 700 (1977) requires that:

> One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent.

At least eleven states currently recognize the tort of intentional interference with parental custody rights. Without exception, in the cases we reviewed in which liability for this tort was found there has been either direct contact between the indi-

vidual found liable and the child or a violation of a court order by that individual.[1]

*McEvoy v. Helikson,* 277 Or. 781, 562 P.2d 540 (1977), relied on by Finn, is clearly distinguishable from the present case. In that case, an attorney was under a court order to retain the passports of his client and her child. The attorney returned the passports, and his client and her child left the country. Because the attorney was violating a court order instructing him to retain the passports when he physically delivered the passports to the mother, the court held that the attorney had interfered with the father's parental custody rights even though there was no direct contact between the attorney and the child.

 B. To maintain an action for the intentional infliction of emotional distress, Finn must establish: 1) Lipman intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; 2) Lipman's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community; 3) Lipman's actions caused Finn's emotional distress; and 4) the emotional distress suffered by Finn was so severe that no reasonable man could be expected to endure it. *See Vicnire v. Ford Motor Credit Co.,* 401 A.2d

148, 154 (Me.1978); *Restatement (Second) of Torts* § 46 (1977).

We have examined carefully the decisions of other states that have recognized the tort of intentional infliction of emotional distress in the context of parental custody disputes.[2] In each instance there was direct contact between the defendant-parent and the child or the plaintiff-parent that led to the emotional distress proven.

### III.

A motion for summary judgment is a request for a determination whether any genuine question of material fact exists. *Wescott v. Allstate Insurance,* 397 A.2d 156, 163 (Me.1979). A motion for summary judgment should only be granted when, viewing the evidence in a light most favorable to the nonmoving party, the court concludes that there is no dispute as to material facts and the moving party is entitled to judgment as a matter of law. *See City of Portland v. Gemini Concerts, Inc.,* 481 A.2d 180, 182–83 (Me.1984); *Beaulieu v. City of Lewiston,* 440 A.2d 334, 337 (Me.1982). When a motion for summary judgment is made and supported as provided in M.R.Civ.P. 56, the adverse party cannot rest on allegations or denials in the pleadings, but the response to the motion with affidavits or as otherwise provided in

---

**1.** A cause of action for interference with parental custody appears to have been recognized in those jurisdictions that have addressed the issue. *See Surina v. Lucy,* 168 Cal.App.3d 539, 214 Cal.Rptr. 509 (1985); *Rosefield v. Rosefield,* 221 Cal.App.2d 431, 34 Cal.Rptr. 479 (1963); *Bennett v. Bennett,* 682 F.2d 1039 (D.C.Cir.1982); *Wood v. Wood,* 338 N.W.2d 123 (Iowa 1983); *Kipper v. Vokolek,* 546 S.W.2d 521 (Mo.App.1977); *Plante v. Engel,* 124 N.H. 213, 469 A.2d 1299 (1983); *DiRuggiero v. Rodgers,* 743 F.2d 1009 (3d Cir. 1984) (holding that New Jersey will adopt a cause of action for the tort); *Kajtazi v. Kajtazi,* 488 F.Supp. 15 (E.D.N.Y.1978) (New York law); *LaGrenade v. Gordon,* 46 N.C.App. 329, 264 S.E.2d 757 (1980); *McEvoy v. Helikson,* 277 Or. 781, 562 P.2d 540 (1977); *Fenslage v. Dawkins,* 629 F.2d 1107 (5th Cir.1980) (Texas law); *Lloyd v. Loeffler,* 694 F.2d 489 (7th Cir.1982) (Wisconsin law).

Maryland and Illinois appear ready to adopt the cause of action given the proper factual situation. *See Hixon v. Buchberger,* 306 Md. 72, 507 A.2d 607 (1986); *Dymek v. Nyquist,* 128

Ill.App.3d 859, 83 Ill.Dec. 52, 469 N.E.2d 659 (1984).

**2.** *See Raftery v. Scott,* 756 F.2d 335 (4th Cir. 1985) (former wife engaged in a continuing and successful effort to destroy and prevent the rehabilitation of the father-son relationship and that she directly and deliberately frustrated the close and affectionate relationship between the father and the son); *Bartanus v. Lis,* 332 Pa.Super. 48, 480 A.2d 1178 (1984) (a wife and her relatives enticed and persuaded son to stay away from his father and intentionally inflicted emotional distress by threatening the father with bodily harm in his son's presence and otherwise verbally abusing the father to the son); *Kajtazi v. Kajtazi,* 488 F.Supp. 15 (E.D.N.Y.1978) (child's father fled to Yugoslavia with the child in violation of a court order granting custody to the mother); *Sheltra v. Smith,* 136 Vt. 472, 392 A.2d 431 (1978) (intentional infliction of mental distress was evident when the parent intentionally interfered with parental custody).

the rule must set forth material facts showing a genuine issue for trial. *See* M.R.Civ.P. 56; *Depositors Trust Co. v. Herold,* 458 A.2d 430, 431 (Me.1983). A failure to controvert the moving affidavit has the effect of admitting the facts contained therein for the purpose of determining the motion for summary judgment. *Haskell v. Planning Board of Town of Yarmouth,* 388 A.2d 100, 102 (Me.1978).

M.R.Civ.P. 56 provides that when ruling on a motion for summary judgment the court will examine the pleadings, any depositions, answers to interrogatories, admissions and affidavits and grant the motion only if there is no genuine issue as to a material fact and a party is entitled to a judgment as a matter of law.

■ The affidavits filed by Lipman state he has never met or spoken with the children and at no time counseled any activity to violate the provisions of the joint custody order and Lipman's only contact with Finn in the context of the divorce action was during court proceedings and mediation. Finn's counteraffidavits allege no facts that Lipman abducted or otherwise compelled his minor children to leave Finn's custody or not to return to his custody after they had left him or any act causing their absence, as in *McEvoy,* 562 P.2d 540.

Nor do the admissions, answers to interrogatories, complaint or counteraffidavits filed by Finn allege any contact between Lipman and the children involved or Lipman and Finn that could be viewed even in the most favorable light as establishing a cause of action for the intentional infliction of emotional distress. There is nothing inconsistent in the facts as alleged in Finn's complaint and counteraffidavits with an attorney's duty to advocate the interests of his client as required by the Maine Bar Rules.[3]

Examining the entire record in a light most favorable to Finn, we conclude Finn simply does not present material facts that would generate a genuine issue of whether Lipman intentionally interfered with parental custody rights of Finn or intentionally inflicted emotional distress on Finn. We conclude that the Superior Court properly entered summary judgment for Lipman. *See Procise v. Electric Mutual Liability Insurance Co.,* 494 A.2d 1375, 1380 (Me. 1985).

The entry is:

Judgment affirmed.

All concurring.

---

**3.** Maine Bar Rule 3.6(a) states in part: "A lawyer must employ reasonable care and skill and apply his best judgment in the performance of his services." Canon 7 of the American Bar Association, Code of Professional Responsibility provides in part: "The duty of a lawyer, both to his client and to the legal system, is to represent his client zealously within the bounds of the law...."