Argued June 30, decided July 15, 1913.

# PALMER v. E. CLEMENS HORST CO.

(133 Pac. 634.)

**Work and Labor—Evidence—Materiality.**

1. Where, in an action for hop inspector's services, plaintiff claimed for a period of 48 days, evidence as to the extent of defendant's yards was admissible, not only as preliminary, but to show the necessity for plaintiff's services for the length of time he was employed.

**Work and Labor—Evidence—Materiality.**

2. In an action for hop inspector's services, evidence as to the number of hop-houses and kilns in defendant's yard and the distance between them was material to show the extent of defendant's business and need of the services of a hop inspector for the time claimed by plaintiff.

**Work and Labor—Reception of Evidence—Discretion.**

3. In an action for hop inspector's services, it was within the discretion of the court to permit plaintiff to testify as to the other persons who were employed by defendant during the hop season of 1910.

**Work and Labor—Evidence.**

4. In an action for hop inspector's services, it was proper to permit plaintiff to testify when he began to work for defendant and how long he was employed.

**Appeal and Error—Evidence—Admissibility—Objections.**

5. The admissibility of evidence received at the trial will not be reviewed on appeal, in the absence of a ruling on an objection in the trial court, duly excepted to, appearing in the record.

From Marion: PERCY R. KELLY, Judge.

Statement by MR. JUSTICE RAMSEY.

This is an action brought by Fred Palmer to recover from the E. Clemens Horst Company, a corporation, a balance of $252.50, for work and labor in the capacity of hop inspector and as an accountant, rendered for the defendant. The total amount of the account was $505, and all of the account was paid but $252.50. The complaint alleges that the work and labor were reasonably worth said sum.

66 Or.—3

The defendant denies all the allegations of the complaint, excepting paragraphs 1 and 2 and the allegation that $252.50 had been paid on said account, and then pleads a counterclaim for $62.50, and asks judgment for said sum.

The reply denies all the allegations of the answer. This case was tried by a jury, and a judgment was rendered for the plaintiff for the sum of $252.50. The defendant appealed, and assigned various alleged errors.                                    Affirmed.

For appellant there was a brief and an oral argument by *Mr. William H. Holmes.*

For respondent there was a brief over the names of *Messrs. McNary, Smith & Shields,* with oral arguments by *Mr. John H. McNary* and *Mr. Roy F. Shields.*

Mr. Justice Ramsey delivered the opinion of the court.

1. On the trial in the court below plaintiff was called as a witness in his own behalf, and testified as to the location of defendant's hopyards while he worked, and then his counsel asked him the following question: "What is the extent of the yards?" He answered in substance, "Over 500 acres." This question was objected to by the counsel for the defendant on the ground that the extent of the yards had nothing to do with the contract upon which the plaintiff based his action. The court overruled the objection. The question was preliminary and proper. The plaintiff claimed that he performed services for the defendant as hop inspector for a period of 48 days and as an expert accountant for 5 days, and, as the answer denied this claim, it was necessary to prove it, and in order to do this it was proper to show that the

hopyard was a large one, because unless it was a large
yard, it would hardly appear that the defendant would
need the services of a hop inspector for a period of
48 days.

2. The defendant was asked, also, the following
question: "Detail to the jury, Mr. Palmer, about the
number of hop-houses and kilns on the yard and the
distance between them." This was objected to as
immaterial and irrelevant. The court properly over-
ruled the objection. It was material to show the
extent of the defendant's business and the distance
between the hop-houses and kilns, in order to show
the need of services of a hop inspector for the time
claimed by the plaintiff. If there were, as he testified,
13 kilns and 6 hop-houses, and 6 of the kilns were
easily a mile apart, these facts would tend to show
that the defendant had a large hop business, and that
there was much work for an inspector. It would not
show that he did the work, but it would tend to show
that there was a large amount of work to be done.
There was no error in allowing testimony on this
point.

3. The plaintiff was permitted to answer this ques-
tion: "Who else, Mr. Palmer, was employed by the
E. Clemens Horst Company besides you during the
hop season of 1910?" The court, in its discretion,
could properly permit such a question to be answered,
and, if it were error, the error would be harmless. It
could not have injured the defendant to permit the
jury to know who were working for it at the time the
plaintiff was.

4. It was proper for the court to permit the plain-
tiff to answer the following question: "When did you
go to work for this company, during the month of
September, 1910; how long were you employed?"
The plaintiff had a right to show when he began to

work and how long he was employed. The plaintiff, in answer to said question, said, in substance, that he went to work on the 1st day of September, and that Mr. Benson had the record of his time. Mr. A. S. Benson was then called by the plaintiff as a witness, and testified that during the hop season of 1910 he was employed by the defendant as timekeeper to keep the time of all the men. He testified that he kept the time of the men, and that he had a record of the days that the plaintiff, Mr. Palmer, worked, and he produced this record. The attorney for the defendant made a very general objection to the production of this record (see page 15 of the printed record), but he did not state any ground of objection, and the court overruled it. The objection was not sufficient to raise any question for decision here. However, the record referred to was neither offered nor received in evidence.

5. The counsel for defendant alleges, in his brief, that the court below erred in allowing Mr. Benson, the defendant's timekeeper, to testify as follows: "This record was made at the conclusion of his work. As I understood, Mr. Palmer was a sort of privileged character and kept his own time. At the conclusion of the work he made up his own time and gave me the actual time he had put in, together with his expense account. This is a copy of the original time sheet that was sent into the San Francisco office." The printed record (on page 16) shows that the above testimony was given in answer to a question, and the record fails to show that any objection was made to the question or to the answer, and no motion was made to strike out the answer. The court below made no ruling as to said answer, or as to the question to which it was a response. Hence there is nothing for this court to review in relation to said question or said answer.

The said answer to which counsel for the defendant now for the first time objects is not important. The witness stated how the record of the plaintiff's time was made up, with the further statement that what he then had was a copy of the original statement which was sent to the defendant's San Francisco office. He did not state any of the contents of the record. After making this answer, he was asked how many days the plaintiff worked, and answered the question, but this copy was not offered in evidence, and these questions and answers were not objected to. Hence there is nothing for this court to decide in relation to them. This court cannot consider objections to the admission of evidence when urged for the first time on appeal. If parties desire to try questions of that sort, they must object in the court below to the questions, and obtain a ruling of the trial court thereon, and then except to such ruling. In the absence of such a procedure, there is nothing for this court to review: *Currey* v. *Butcher,* 37 Or. 387 (61 Pac. 631); *State* v. *Mizis,* 48 Or. 180 (85 Pac. 611, 86 Pac. 361); Elliott, Appellate Procedure, §§ 470 and 781.

The court in this case discloses no error, and the judgment of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE MOORE concur. MR. JUSTICE BURNETT did not sit in this case.