On petitioner's petition for review, petition for review dismissed October 28, 1986

SAECHAO,
*Petitioner on Review,*

*v.*

MATSAKOUN et al,
*Respondents on Review.*

(TC A8406-03428; CA A34147; SC S32866)

727 P2d 126

Stephen C. Hendricks, Portland, filed the petition for review for petitioner on review.

Robert E. Barton, of Cosgrove, Kester, Crowe, Gidley & Lagesen of Portland, appeared for respondent Thon Boupha.

Denny Z. Zikes of Zikes, Kayser, Freed, Smith & Held of Portland, appeared for respondent Khamchana Matsakoun.

MEMORANDUM OPINION

Linde, J., concurred and filed an opinion in which Carson J., joined.

Campbell, J., concurred and filed an opinion.

## MEMORANDUM OPINION

The trial court entered a final judgment dismissing two of the three personal injury claims. The plaintiff guardian *ad litem* appealed the judgment to the Court of Appeals which affirmed the trial court in an *in banc* 6-4 decision. The Court of Appeals ruled in effect that emotional distress resulting from witnessing the death in an accident of a family member is compensable in a tort action only if there was a direct impact of the accident to the person suffering the emotional distress.

The plaintiff guardian *ad litem* petitioned for review. We allowed review. Before argument, the parties reached a settlement agreement and filed with the clerk of this court a proposed "STIPULATED ORDER OF DISMISSAL."

Without expressing an opinion on the merits of this case, we dismiss the petition for review.

**LINDE, J.,** concurring.

I agree that the petition for review must be dismissed. I note only that in another recent case, *Banister Continental Corp. v. NW Pipeline Corp.*, 301 Or 763, 724 P2d 822 (1986), the disposition was expressly phrased as vacating the decision of the Court of Appeals when the case was settled and became moot while pending in this court.

That is the practice followed by the Supreme Court of the United States. *See Department of Treasury v. Galioto*, 477 US ___, 91 L Ed 2d 459, 465, 106 S Ct 2683 (1986); *United States v. Munsingwear, Inc.*, 340 US 36, 39-40, 95 L Ed 36, 71 S Ct 104 (1950). I think it is a better practice than to leave parties and lower courts to discover from a small signal in Shepard's Citations or a similar source that a precedent of the Court of Appeals was taken up for review by this court and then dismissed because some event rendered the case moot. Lacking a consistent practice in this court, lawyers and judges retain that burden.

Justice Carson joins in this concurring opinion.

**CAMPBELL, J.,** concurring.

I agree with the majority that the petition for review should be dismissed.

In *Banister Continental Corp. v. NW Pipeline Corp.*,

301 Or 763, 724 P2d 822 (1986), we dismissed the "appeal" and vacated the Court of Appeals decision. In this case we have dismissed the petition for review but have not vacated the Court of Appeals decision. I fail to understand why the majority opinion does not say so.