On petitioner's motion filed January 13, to withdraw petition for review,
petition for review dismissed March 31, 1987

ACKERLEY COMMUNICATIONS, INC.,
*Respondent on Review,*

*v.*

MULTNOMAH COUNTY,
*Petitioner on Review.*

(LUBA 83-028, 83-034, 83-051; CA A34195; SC S31717)

734 P2d 885

Peter A. Kasting, Assistant County Counsel, Portland, for petitioner on review.*

MEMORANDUM OPINION

Linde, J., dissented and filed an opinion in which Lent, and Carson, JJ., joined.

---

*Appeal from decision of Land Use Board of Appeals. 72 Or App 617, 696 P2d 1140 (1985).

## MEMORANDUM OPINION

The petitioner on review, Multnomah County, has filed a motion which reads as follows:

"Petitioner herein, Multnomah County, hereby withdraws its Petition for Review as though the same was never filed, and moves the Court to dismiss the Petition without taking any other action. If the Court should refuse to grant this Motion to withdraw Petition and instead proposes to vacate the Court of Appeals Opinion involved herein, petitioner and respondent ask leave to be heard further on that matter."

Without expressing an opinion on the merits of this case, we dismiss the Petition for Review.

**LINDE, J.,** dissenting.

In *Banister Continental Corp. v. NW Pipeline Corp.,* 301 Or 763, 724 P2d 822 (1986), we vacated a decision of the Court of Appeals when the case was settled and became moot after argument in this court. In *Saechao v. Matsakoun,* 302 Or 155, 727 P2d 126 (1986), the case was settled after this court allowed a petition for review but before argument, and the court thereafter "dismissed the petition for review." The present case demonstrates why the disposition in *Banister,* which also is the practice in the United States Supreme Court, is the better practice after this court has taken review of a case, or at a minimum, after the case has been argued and submitted. *See Saechao v. Matsakoun, supra* (Linde, J., concurring).

The present case has a curious history. Multnomah County adopted an ordinance regulating outdoor "off-premise" advertising signs, which Ackerley Communications, Inc. unsuccessfully attacked before the Land Use Board of Appeals. The Court of Appeals reversed the board's decision, holding that the ordinance violated the Oregon Constitution by distinguishing between commercial and noncommercial outdoor advertising signs. *Ackerley Communications, Inc. v. Multnomah Co.,* 72 Or App 617, 696 P2d 1140 (1985).

We allowed the county's petition for review on June 18, 1985, and asked the parties for additional memoranda on

questions we thought not adequately briefed below.[1] The case was argued on September 3, 1985, and assigned to a member of the court for preparation of a draft opinion. Apparently sometime during 1986, informal information reached the judge that the litigation might be settled, and preparation of the opinion was put aside for other cases. Finally, in response to an inquiry from the court's staff, counsel for the parties in a joint letter dated September 8, 1986, wrote that they had negotiated the drafting of a new sign ordinance, which might take from two to three more months to enact unless it proved controversial at hearings before the county's planning commission or the Board of County Commissioners.

On January 13, 1987, the county filed the following document with this court:

"Petitioner herein, Multnomah County, hereby withdraws its Petition for Review as though the same was never filed, and moves the Court to dismiss the Petition without taking any other action. If the Court should refuse to grant this Motion to withdraw Petition and instead proposes to vacate the Court of Appeals Opinion involved herein, petitioner and respondent ask leave to be heard further on that matter."[2]

The court requested further clarification. The county's (petitioner's) answer stated in part:

"Petitioner requests this Court to follow whatever procedure is appropriate to accomplish termination of the pending review with the same result reached in *Saechao v. Matsakoun*, 302 Or. 155 (1986), and *not the result* in *Banister Continental Corp. v. N.W. Pipeline Corp.*, 301 Or. 763 (1986).

"Petitioner does not want the Court of Appeals Opinion vacated herein. Petitioner suggests that simply withdrawing its Petition for Review, as though it were not filed, should terminate this Court's jurisdiction to act further."

---

[1] The Court of Appeals held that the off-premises sign control ordinance was an impermissible regulation of message content because it regulated advertising that had only "commercial" content but exempted "noncommercial" outdoor advertising such as signs displaying political, educational, philosophical, social, or public service messages. The focus of our questions was whether the distinction could be regarded as an allocation of priorities in a limited resource (opportunity to command the attention of persons using the roads or streets) created by the government in channeling traffic along those roads or streets.

[2] At the same time, respondent moved to withdraw its notice of appeal in a related case in the Oregon Tax Court.

Petitioner continued with an explanation that it was "contractually obligated to seek this result as part of an overall settlement with respondent" which was entered "on the assumption that petitioner can accomplish the termination of the pending review without vacating the Court of Appeals Opinion."

Respondent's answer to the court's inquiry further explained the reason for the unusual form of petitioner's motion. Its letter stated in part:

"The particular language placed in respondent's [sic] Motion to Withdraw Petition for Review was selected in an effort to have the Court reach the same result as it did in *Saechao v. Matsakoun,* 302 Or. 155 (1986), where it simply noted that it expressed no opinion on the merits, and dismissed the Petition for Review. Compare *Banister Continental Corp. v. N.W. Pipeline Corp.,* 301 Or. 763 (1986).

"To the extent necessary, respondent asks the Court to accept this position as its half of Stipulated Order of Dismissal exactly as was set forth in *Saechao, supra.*

"Respondent also asks the Court to consider that it is important to it to let the Court of Appeals Opinion remain intact. In addition to that Opinion being important to respondent in its dealings with the petitioner, it is important for respondent in its dealings with other governmental entities in this state. Respondent is hopeful it will not be put to the great expense not only of money, but time, of its key employees in relitigating similar issues involving other governmental entities.

"Part of the benefit that respondent should receive from its settlement of disputes with Multnomah County is the ability to maintain the Court of Appeals Opinion intact."[3]

In short, the parties explained that they had bargained to preserve the precedential effect of a lower court opinion for use against other governmental entities as part of the settlement of a case between one county and one advertising sign company. That is commendable candor. But it cannot be an acceptable way to manipulate this court's treatment of lower court opinions once a petition for review is allowed and this court has jurisdiction of the case.

---

[3] The letter also discussed the status of the decision of the Land Use Board of Appeals if the decision of the Court of Appeals were vacated.

The court's disposition of such opinions cannot be something to be bargained for in a settlement negotiation. We need only imagine the next litigant who wants to get rid of a precedent, rather than preserve one, and enters into a generous settlement on condition that the opposing party stipulate to an order vacating the lower court opinion. Petitioner argues that settlements would be facilitated if the parties could control the disposition of opinions, but that reasoning could equally apply to settlement negotiations after this court has published an opinion that a party still might ask the court to reconsider.

The present case is not simply a private claim for money damages, like *Banister Continental Corp.* and *Saechao.* This case concerns a public policy that one legislative body enacted into law and that others perhaps might consider emulating. The parties tell us that this is exactly the reason why they bargained over an adverse constitutional opinion of the Court of Appeals. That court's decision may or may not have reached a correct result, but this court considered the question sufficiently important and sufficiently doubtful to allow review and ask for further briefing. The Attorney General filed a brief for the State of Oregon drawing attention to the effect of the opinion below on the control of roadside billboards under state statutes and the federal Highway Beautification Act.

Competent lawyers of course understand that an opinion of the Court of Appeals is not the final word on the constitutionality of such laws, or any other legal issue. *Cf. 1000 Friends of Oregon v. Bd. of Co. Comm.,* 284 Or 41, 584 P2d 1371 (1978). Nonetheless, they understandably feel obliged to follow the opinion unless they are prepared to relitigate the validity of a diverging policy to the point of review in this court. This is entirely reasonable, but it also shows why officials of one county should not be able to bargain away the existing or potential public policies of other state and local lawmakers in a settlement that leaves all of them facing an apparently authoritative constitutional barrier.

This is exactly the kind of case in which the disposition made in *Banister Continental Corp.* is needed. If petitioner Multnomah County wishes to withdraw its resistance to respondent's attack on its ordinance, the decision of the

Court of Appeals should be vacated, and the case should be remanded to that court for the proper disposition of the decision of the Land Use Board of Appeals.

Lent and Carson, JJ., join in this dissenting opinion.