Argued and submitted October 9, 1987, affirmed July 20, reconsideration denied December 23, 1988, petition for review denied January 18, 1989

# HEUSSER,
## *Appellant,*

### *v.*

# JACKSON COUNTY HEALTH DEPARTMENT et al,
## *Respondents.*

### (85-2956-J-2; CA A42422)

757 P2d 1363

Larry N. Sokol, Portland, argued the cause for appellant. With him on the briefs were Karl G. Anuta and Jolles, Sokol & Bernstein, P.C., Portland.

Hugh B. Collins, Medford, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., concurring.

## RICHARDSON, P. J.

Plaintiff appeals from a judgment for defendants in this tort action. All of her assignments of error are directed at the trial court's dismissal of her second amended complaint for failure to state a claim. We affirm.

Plaintiff alleged that she is the mother of three minor children. She brought two of them to a facility operated by the defendant health department, which provides "preventive inoculations to minor children" residing in Jackson County and attending school. The two children were inoculated, notwithstanding plaintiff's expressions of concern that injecting them with live virus vaccines would pose a danger to her third child, Joshua, who then suffered from a "severely compromised immunological system secondary to a newly transplanted kidney." Plaintiff also alleged:

> "On or about November 30, 1984, plaintiff took two of her three minor children to the Health Department to receive immunizations for those two children against various diseases including polio and tetanus when, because of the negligence of the defendants, as hereinafter alleged, the defendants inoculated two of plaintiff's minor children with viruses which could have been transmissible to their brother Joshua who was particularly susceptible to contracting the live virus diseases for which his brother and sister had been inoculated causing personal injuries to the plaintiff as hereinafter alleged.

> "\* \* \* \* \*

> "Defendants were negligent in one or more of the following particulars:

> "(a)   In failing and neglecting to warn the plaintiff that inoculating two of her children would result in a health hazard to her third child.

> "(b)   In disregarding the warnings of the plaintiff and her husband that their child should not be inoculated.

> "(c)   In inoculating the minor children prior to the plaintiff's signing of the medical release forms.

> "(d)   In inoculating two minor children with transmissible live viruses when the defendant knew or reasonably should have known that the viruses could be transmitted to an unprotected sibling.

> "\* \* \* \* \*

> "As a direct and proximate and foreseeable result of the

negligent acts and omissions of the defendants as alleged, plaintiff was forced to remove her two minor children from her residence and place them in a residence away from her son Joshua. Plaintiff was the direct victim of defendants' tortious conduct as the interference with her relationship with her children was immediately after or contemporaneous with their inoculation by defendants. Plaintiff has been separated from her two minor children and required to travel back and forth to Medford to visit them causing her to sustain severe emotional anxiety and upset all to her general damage in the sum of $95,000.00.

"* * * * *

"Plaintiff has further incurred babysitting, travel expense, and telephone charges in the sum to date of $1,500.00, all to her special damage in said sum."

The trial court based its ruling on *Saechao v. Matsakoun,* 78 Or App 340, 717 P2d 165, *rev dismissed* 302 Or 155, 727 P2d 126 (1986), and concluded that plaintiff was not entitled to recover damages for the alleged negligently inflicted emotional distress. The court reasoned that plaintiff's claim was founded on an "indirect injury" which resulted from defendants' "negligently injecting her children." Because plaintiff herself sustained no "impact" from defendants' negligence, the court ruled that *Saechao* precluded her claim for emotional distress arising out of the negligence directed at the inoculated children.

In *Saechao,* we held that two minor plaintiffs, who suffered no direct impact in the incident, were foreclosed from recovering damages for the emotional trauma which they suffered after seeing the vehicle driven by the defendant strike and fatally injure their brother. Before adopting the "impact test," we described it and three alternative rules which have been applied in various jurisdictions to determine when a plaintiff may recover damages for emotional distress which he or she experiences as a result of negligently-caused harm to a family member. We said, as relevant here:

"The fourth, and most expansive rule, would compensate a psychic injury simply on the basis of its reasonable foreseeability. * * * Only one state, to our knowledge, has gone to this extent to compensate psychic injury. *Paugh v. Hanks,* 6 Ohio St 3d 72, 451 NE2d 759 (1983), does not even require that another person actually be injured by the conduct of the

defendant if an injury is foreseeable and is in fact feared by the plaintiff.

"The straight foreseeability test turns wholly on the rationale for imposing liability that the Supreme Court rejected in *Norwest* [*v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 652 P2d 318 (1982)]." 78 Or App at 347.

■   Plaintiff's pleading places her squarely within the "expansive" rule which we rejected in *Saechao.* She alleges no actual injury to any of the children.[1] She argues, however, that her pleaded theory of recovery was not that she suffered distress because of harm to her children, but that she was the "direct victim" of defendants' negligence. She points out that, between her allegations of defendants' negligence and of her distress, she inserted the allegation that "defendants' tortious conduct" gave rise to an "interference with her relationship with her children." Plaintiff maintains that her emotional distress was produced by defendants' invasion of her legally protected interest in her parent-child relationship and that, therefore, she is entitled to pursue her claim. *See McEvoy v. Helikson,* 277 Or 781, 562 P2d 540 (1977); *Hilt v. Bernstein,* 75 Or App 502, 515, 707 P2d 88 (1985), *rev den* 300 Or 545 (1986).

There are two difficulties with that argument. The first is that plaintiff's allegations cannot support a showing of any causal connection between defendants' negligence and the claimed interference with the parental relationship. That interference inhered in plaintiff's decision to separate the other children from Joshua after they were vaccinated—a decision in which she does not allege or contend that defendants participated. *See Hefty v. Comprehensive Care Corporation,* 90 Or App 310, 752 P2d 1231, *rev allowed* 306 Or 155 (1988).[2]

---

[1] Although the alleged fact that the inoculations were given "prior to plaintiff's signing of the medical release form" could arguably support a claim for a "technical battery," plaintiff does not proceed on that theory. She alleges only negligence. *See Getchell v. Mansfield,* 260 Or 174, 177-78, 489 P2d 953 (1971).

Judge Warren, joined by three other members of this court, dissented from our adoption of the impact test in *Saechao.* However, he, too, appears to have rejected the rule which would allow recovery for negligently inflicted emotional distress when, as here, the defendants' negligence causes no other injury to anyone.

[2] Ironically, had she so alleged, she would have supplied at least a basis for an inference that any negligence in inoculating the children was rectified by defendants' recommendation that they be separated from Joshua during any period of contagion. Moreover, whether defendants were or were not involved in the decision to remove the children from the house, plaintiff offers no authority to support her assumption that defendants would have been responsible for the expenses of the children's temporary relocation which she seeks as damages.

The second difficulty is that the argument is either circular or attempts to square the circle. *Every* case in which a plaintiff suffers emotional distress because of injury to a family member entails some detriment to family relations. Plaintiff's argument posits a "devour the rule" approach, in which the same connection with the same negligent act and its consequences can support recovery for emotional distress if the plaintiff describes it as an interference with family relations, but cannot be compensated if the plaintiff alleges only the underlying injury to a relative.

In *McEvoy v. Helikson, supra,* 277 Or at 788-89, the court reiterated (quoting *Hinish v. Meier & Frank Co.,* 166 Or 482, 506, 113 P2d 438 (1941)), that, "where the wrongful act constitutes an infringement of a legal right, mental suffering may be recovered for, if it is the direct, proximate and natural result of the wrongful act." When a defendant's negligence results in injury to the plaintiff's child, which in turn interferes with the parent-child relationship, and the interference in turn causes mental distress to the plaintiff, the distress is no more the *direct* result of the negligence than would be so if it were—or were pleaded as—the immediate consequence of the child's injury.[3] In the context of her pleading, plaintiff's interference allegation is surplusage and cannot obscure the fact that the relationship of the claimed negligence to her emotional distress is of the precise kind which we held in *Saechao v. Matsakoun, supra,* cannot support a claim. *See* note 1, *supra.*

Plaintiff argues:

"On a motion to dismiss, plaintiff's pleadings and any

---

[3] In *McEvoy,* the plaintiff father was permitted to pursue damages for emotional distress. In that case, the defendant attorney negligently violated an order and stipulation in a dissolution proceeding that he hold certain passports delivered to him by the mother and not permit their return to her until she had transferred custody of the child to the plaintiff. As a result of the negligence, the mother, the child and the passports escaped to Switzerland. The court stated that, under the plaintiff's allegations, he

"had a legal right to the custody of his child and it is the infringement of that right which is the subject of this action. It follows, in our opinion, that conduct by defendant which resulted in an infringement of that legal right * * * would entitle plaintiff to recover damages for 'anguish and mental [suffering] due to the loss of his minor child' * * *." 277 Or at 789. (Citations omitted; bracket in original.)

Unlike the present case, the alleged negligence in *McEvoy* was a direct infringement of the plaintiff's parental rights, in that it eliminated the safeguard which the order established for assuring that his legal right to custody would be vindicated.

facts that might conceivably be adduced from those pleadings must be assumed to be true. * * * Plaintiff alleged that she was the direct victim of defendants' tortious conduct and that the defendants' negligent actions had interfered with plaintiff's relationship with her children. The trial court failed to treat plaintiff's allegations as true and thus erred by failing to apply the appropriate standard." (Citation omitted.)

Although it is correct that, in considering a motion to dismiss, a court should treat the *facts* alleged in a complaint in the way which plaintiff here indicates, it is not correct that legal conclusions should be treated similarly. Plaintiff's allegation that she was a "direct victim" is a legal conclusion which her factual allegations do not support. Her argument is predicated on a pleading artifice, and we reject it.

■ The parties focus their arguments almost exclusively on whether plaintiff may seek damages for emotional distress. We hold that she may not. We also reject plaintiff's allegations concerning damages for the expenses that she incurred in connection with the absence of the inoculated children from the family residence. For the reasons which we have noted, their absence was not caused by any negligence which she attributes to defendants. *See* note 2, *supra.*

Affirmed.

**NEWMAN, J.,** concurring.

I concur in the result. Plaintiff does not plead facts that would allow her to recover her alleged damages under any negligence theory that Oregon courts have recognized. Even the dissent in *Saechao v. Matsakoun,* 78 Or App 340, 717 P2d 165, *rev dismissed* 302 Or 155, 727 P2d 126 (1986), in which I joined and which I still believe was correct, does not support her. *See also Hoffman v. Stoll,* 89 Or App 258, 259, 748 P2d 180, (Newman, J., dissenting), *rev allowed* 305 Or 576 (1988). Moreover, plaintiff pleads no injury to a child, but alleges that she is the "direct victim" of defendant's negligence. Whatever emotional distress plaintiff suffered or expense she incurred could not be the result of any injury to a child. I agree that her allegation that she is a "direct victim" is merely a legal conclusion which her factual allegations do not support.