Argued and submitted July 17, reversed and remanded on contract claim; otherwise affirmed November 15, 1989, reconsideration denied January 5, petition for review denied February 22, 1990 (309 Or 333)

DOE,
*Appellant,*

DOE,
*Plaintiff,*

*v.*

PORTLAND HEALTH CENTERS, INC., et al,
*Respondents.*

(A8703-01464; CA A50231)

782 P2d 446

Christopher P. Thomas, Portland, argued the cause and filed the briefs for appellant.

Lee Aronson, Portland, argued the cause for respondents. With him on the brief was Schulte, Anderson, DeFrancq, Downes & Carter, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action, individually and as guardian of her minor daughter, for damages that they allegedly suffered because defendant Haraldson, an employe of defendant hospital, disclosed to a third person that the daughter was hospitalized after a suicide attempt. The claim on the daughter's behalf was tried, and she was awarded damages. The judgment in her favor is not challenged. Plaintiff made five claims on her own behalf: breach of contract, negligence, reckless infliction of emotional distress, breach of confidentiality and invasion of privacy. The trial court allowed defendants' motion to dismiss the first three for failure to state claims and granted defendants' motion for summary judgment as to the other two claims. The court also struck plaintiff's claim for punitive damages. She appeals and assigns error to each of those rulings. We affirm in part and reverse in part.

Plaintiff is a practicing psychologist. Her daughter was admitted to the hospital for psychiatric treatment after attempting suicide in February, 1986. At the time of admission, the daughter and Haraldson signed a "patient confidentiality statement," by which the hospital promised:

> "The work that we do * * * is confidential * * *. We will not share anything about you with anyone else unless we have your written permission to do so."

Shortly afterward, Haraldson had a conversation with a woman in which, according to Haraldson's deposition:

> "I said, 'Well, [plaintiff's] daughter was admitted at the hospital for a suicide attempt.' That's—that's all I said about that. And I just said, 'This has got to be between you and I [sic]. You can't tell anyone else.' "

The woman to whom the disclosure was made apparently was involved in a dispute over visitation rights to two children whom plaintiff was treating professionally. Plaintiff was, in fact, expected to give testimony adverse to the woman's position in a pending domestic relations proceeding. The woman used the information about the suicide attempt as part of a campaign of slander and harassment against plaintiff, in the course of which she repeated the information many

times. Plaintiff contends that, as a result of Haraldson's disclosure, she suffered business losses, loss of reputation and emotional distress.

Although plaintiff makes separate assignments of error and arguments concerning the trial court's rulings on each of her claims, the underlying issue is whether the hospital and Haraldson had an obligation of confidentiality to plaintiff, as well as to her daughter. That issue is decisive of the negligence and breach of confidence claims and has some bearing on the others. Plaintiff argues that defendant's duty of confidentiality extended to her. She relies, first, on ORS 677.190(5), the physician's confidentiality obligation; ORS 192.525, the confidentiality of medical records; OEC 504, the patient's privilege; and OAR 858-10-075 and the ethical principles codified there. However, none of those provisions creates a duty of confidentiality that extends other than to a patient.

■ Plaintiff also argues that the duty of confidentiality owed a patient should encompass the patient's family, because "in modern [psychological] practice the tendency is to treat the family unit and not the isolated child." She asserts that the duty of confidentiality was owed to her simply by virtue of the fact that defendants' patient was her daughter. Although we are unwilling, on this record, to attempt to define the scope of the duty under all circumstances when family members become participants in a patient's therapy, we do not agree with plaintiff's sweeping proposition.

Certainly, there are circumstances in which the duty of confidentiality can be affected by the therapeutic or diagnostic participation of a patient's family. In the context of the psychotherapist-patient privilege under the Oregon Evidence Code, the legislature has recognized that family members can be involved in treatment; when they are, the patient may invoke the privilege as to treatment-related communications by family members. OEC 504(2) provides:

> "A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition among the patient, the patient's psychotherapist or persons who are participating in the diagnosis or treatment under the direction of

the psychotherapist, including members of the patient's family."

OEC 504(3) allows the privilege to be claimed by the patient, a guardian or conservator of the patient, the personal representative of a deceased patient or the psychotherapist on the patient's behalf. Notably, the provision does not allow members of the patient's family to claim the privilege.

The practitioner's duty of confidentiality is not necessarily coextensive with the evidentiary privilege for all purposes, *see Humphers v. First Interstate Bank,* 298 Or 706, 718-19, 696 P2d 527 (1985), but their objectives and operation are related. It could be argued that, notwithstanding the inability to claim a privilege, family members should be protected by a duty of confidentiality regarding facts about them and communications from them in a treatment setting in which they are directly involved. However, the confidential facts that Haraldson disclosed did not concern the family and did not arise out of any family involvement in the patient's treatment; they were the basic facts *about the patient's condition:* she was hospitalized and she had attempted suicide.[1] We do not agree that defendants' duty of confidentiality extends beyond the patient with respect to that disclosure.

Plaintiff argues next that, under *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), she has a negligence claim against defendants, even without pleading or establishing the existence of a duty. That is incorrect. The negligence claim, like the breach of confidence claim, was based on Haraldson's disclosure of the confidential information about plaintiff's daughter. A health practitioner's disclosure is not actionable in the absence of a duty of confidentiality or non-disclosures owed to the person who seeks to make the claim. *Humphers v. First Interstate Bank, supra,* 298 Or at 719-21. As we have discussed, defendant's duty was owed to the patient only and did not extend to plaintiff.

Plaintiff also contends that she is entitled to proceed

---

[1] Plaintiff contends, in a different context, that Haraldson's disclosure was about her as well as, or instead of, her daughter. To the extent that the disclosure entailed facts that were not about the daughter, however, it was outside the scope of any duty of nondisclosure relevant to the negligence or breach of confidence claims.

with her negligence claim, because the damages that she seeks are not for injuries to her daughter but "for psychic and economic injuries directly to herself as a result of defendants' acts." We disagree. *See Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 652 P2d 318 (1982); *Heusser v. Jackson County Health Dept.,* 92 Or App 156, 757 P2d 1363 (1988), *rev den* 307 Or 326 (1989). The trial court was correct in allowing the motion to dismiss the negligence claim and in granting summary judgment to defendants on the breach of confidence claim.[2]

■      Plaintiff also assigns error to the dismissal of her breach of contract claim. She *alleged* that, at the time of her daughter's admission to the hospital, "defendants entered into a contract *with plaintiff* * * * to maintain the confidentiality" of information about her daughter. (Emphasis supplied.) Although the evidence in the summary judgment proceeding on the breach of confidentiality and invasion of privacy claims appears to be inconsistent with the allegation that there was a contract between plaintiff and defendants, we must take the allegation as true for purposes of the motion to dismiss. *See Dotson v. Smith,* 307 Or 132, 764 P2d 540 (1988).

■      Plaintiff sought special damages for loss of business profits, reputation and opportunity and general damages for loss of reputation and emotional suffering. The apparent basis for the trial court's dismissal of the claim, and the basis on which defendants defend the ruling, was that those damages either cannot be recovered in a contract action or that they and their relationship to the contract were not pleaded with sufficient particularity to be recovered in this action. We agree that damages for emotional suffering may not be recovered in a contract action. *Farris v. U.S. Fid. and Guar. Co.,* 284 Or 453, 587 P2d 1015 (1978).[3] However, we do not agree that the other damages are unavailable as a matter of law or that more

---

[2] Plaintiff argues that her claims are strengthened by the fact that she was the guarantor of her daughter's hospital bills. We do not perceive, and she does not explain, how.

[3] We do not agree with plaintiff that *dicta* on which she relies in *Humphers v. First Interstate Bank, supra,* 298 Or at 710, is authority to the contrary, at least until the Supreme Court overrules *Farris.*

had to be *pleaded* concerning them. The trial court erred in dismissing the breach of contract claim, and a remand for further proceedings on that claim is necessary.

■ Summary judgment on the invasion of privacy claim was proper, because *defendants'* disclosure was not made to the public generally or to a large number of persons. *Tollefson v. Price,* 247 Or 398, 401, 430 P2d 990 (1967); *Flowers v. Bank of America,* 67 Or App 791, 797, 679 P2d 1385, *rev den* 297 Or 601 (1984). Plaintiff's contention that it was error to strike her allegation of punitive damages is rendered moot by our affirmance of the dismissal of the claims in connection with which she sought punitive damages. Her other assignment of error is without merit.

Reversed and remanded on contract claim; otherwise affirmed.