KELTNER et al,
*Appellants,*

*v.*

WASHINGTON COUNTY et al,
*Respondents.*

(86C-12287; CA A50235)

784 P2d 127

Elden M. Rosenthal, Portland, argued the cause for appellants. With him on the briefs were B. Carlton Grew, and Rosenthal & Greene, P.C., Portland.

I. Franklin Hunsaker, III, Portland, argued the cause for respondent Washington County. With him on the brief were Christopher A. Rycewicz, David A. Ernst, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

The issue in this case is whether a child who was promised confidentiality by police agencies in exchange for her giving information leading to the arrest of a murder suspect may seek emotional damages for the disclosure of her name to that suspect. The trial court found that she cannot and dismissed her action, and she appeals.[1] We affirm.

We state the facts as plaintiffs allege them. Keri Keltner, age 14, learned the identity of the murderer of Wendy Harris, age 9, and the location of the murder weapon. After reaching an agreement of confidentiality over the telephone with an Oregon State Trooper, Keri reported what she had learned. Her report was shared with the Washington County Sheriff, who arrested Eric Merrill and located the body of Harris and the murder weapon.[2] Shortly thereafter, officers from Washington County, in the course of investigating the murder, interviewed Keri. They also agreed that, if Keri would provide information regarding the murder, her name would be kept confidential. Nonetheless, the police later disclosed to Merrill that Keri had provided information leading to his arrest.

After the disclosure, Keri and her mother began this action in which they sought emotional damages from the police agencies on the theory of breach of an agreement of confidentiality. The trial court granted defendants' ORCP 21A(8) motion to dismiss for failure to state facts upon which a claim for relief could be granted. The court based its ruling on our opinion in *Humphers v. First Interstate Bank,* 68 Or App 573, 684 P2d 581 (1984), *aff'd in part and rev'd in part on other grounds* 298 Or 706, 696 P2d 527 (1985), in which we held that a party may not recover emotional damages on a claim of breach of contract.

Plaintiffs argue that emotional distress damages are

---

[1] Defendants raise a cross-assigment of error regarding the denial of their motion for summary judgment. They argue that there were no contracts of confidentiality between the parties, because (1) there was no consideration, (2) there was no mutual assent to confidentiality and (3) the deputy sheriffs who entered into the agreements had no authority to bind defendants. Given our decision on plaintiffs' appeal, we need not and do not reach defendants' assignment.

[2] Merrill admitted the jurisdiction of juvenile court for the death of Harris in July, 1982.

recoverable when they were within the contemplation of the contracting parties. They rely on *Restatement (Second) Contracts,* § 353 (1981),[3] and on a *dictum* in *Humphers v. First Interstate Bank, supra,* 298 Or at 710, where the Supreme Court said: "[P]erhaps there is no barrier [to recovery of emotional distress damages] when emotional security is the very object of the promised confidentiality."

Although the facts are compelling and numerous jurisdictions have cited the general rule of the *Restatement* with approval,[4] we are bound by the holding of *Farris v. U.S. Fid. and Guar. Co.,* 284 Or 453, 587 P2d 1015 (1978), that emotional distress damages are not recoverable in a contract action. As we recently said in *Doe v. Portland Health Centers, Inc.,* 99 Or App 423, 428 n 3, 782 P2d 446 (1989), we do not view the *dictum* in *Humphers* as overriding the court's determination in *Farris.*

Affirmed.

---

[3] *Restatement (Second) Contracts,* § 353, provides:

"Recovery for emotional disturbance will be excluded unless * * * the contract or the breach is of such kind that serious emotional disturbance was a particularly likely result."

[4] *See, e.g., Dean v. Dean,* 821 F2d 279 (5th Cir 1987); *Huskey v. National Broadcasting Co., Inc.,* 632 F Supp 1282 (ND Ill 1986); *Wynn v. Monterey Club,* 111 Cal App 3d 789, 168 Cal Rptr 878 (1980); *Bossuyt v. Osage Farmers Nat. Bank,* 360 NW2d 769 (Iowa 1985); *Stanback v. Stanback,* 297 NC 181, 254 SE2d 611 (1979).