**Craig Allen SHOWALTER, Plaintiff,**

v.

**Bradley RINARD and State Farm Mutual Automobile Insurance Company, an Illinois corporation, Defendants.**

**Civ. No. 90–732–FR.**

United States District Court,
D. Oregon.

Dec. 6, 1990.

---

Jonathan M. Friedman, Dixon & Friedman, Portland, Or., for plaintiff.

Jackson H. Welch, Landerholm, Memovich, Lansverk & Whitesides, Inc., Vancouver, Wash., for defendants.

## OPINION

FRYE, District Judge:

This dispute involves claims arising from a motor vehicle accident and the settlement of that accident. The matters before the court are:

1) the motion (# 28) of defendant State Farm Mutual Automobile Insurance Company to dismiss plaintiff's second claim for relief, outrageous conduct, pursuant to Fed.R.Civ.P. 12(b)(6); and

2) the motion (# 29–1) of defendant Bradley Rinard to dismiss plaintiff's first claim for relief, negligence, based on lack of personal jurisdiction; and, in the alternative, to dismiss plaintiff's negligence claim on the grounds that the claim is barred by the statute of limitations (# 29–2).

## BACKGROUND

On or about December 17, 1986 in Kalama, Washington, plaintiff, Craig Showalter, and his wife, Kris Showalter, residents of the State of Washington, were involved in an automobile collision with Bradley Rinard, a resident of the State of Washington who was insured under a liability insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm) in the State of Washington.

Following the automobile accident, the Showalters separated. In January, 1988, State Farm, on behalf of Bradley Rinard, entered into a settlement agreement with Kris Showalter. At the time Kris Showalter settled her claim against Bradley Rinard, she presented State Farm with a written waiver, purportedly signed by Craig Showalter, which released and signed over the right of Craig Showalter to any settlement proceeds to Kris Showalter. State Farm accepted this waiver and gave the settlement proceeds, $15,000, to Kris Showalter. In his first claim for relief, negligence, Craig Showalter alleges that the automobile accident was caused by the negligence of Bradley Rinard. He seeks to recover for the unpaid medical bills of Kris Showalter, for which he is liable under the laws of the State of Washington, and for damages for loss of consortium caused by the accident.

In his second claim for relief, Craig Showalter alleges that the conduct of State Farm in accepting the waiver presented by Kris Showalter and entering into a settlement agreement with her without regard to his interests constitutes the tort of outrageous conduct.

## APPLICABLE LAW

■ For purposes of a motion under Fed.R.Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

## ANALYSIS AND RULING

*Rinard's Motion to Dismiss for Lack of Personal Jurisdiction*

Bradley Rinard contends that Craig Showalter's first claim for relief must be dismissed because Rinard is not subject to personal jurisdiction in the State of Oregon. Rinard argues that he is a citizen of the State of Washington; that he has never engaged in any activities within the State of Oregon which relate to this dispute; and that he has never consented to be sued in the State of Oregon. Rinard argues that for this court to exercise personal jurisdiction over him would violate his right to due process of law.

Craig Showalter argues that this dispute relates to the petition he has filed in bankruptcy in the State of Oregon, and therefore this case has been properly filed regardless of the jurisdiction of the state or federal courts.

■ The issues presented in Craig Showalter's first claim for relief do not involve federal bankruptcy laws. Craig Showalter's reliance on the laws governing jurisdiction in bankruptcy proceedings is misplaced. In order to establish personal jurisdiction in a diversity case, a plaintiff must show that the law of the forum state confers personal jurisdiction over the nonresident defendant, and that the exercise of jurisdiction accords with federal constitutional principles of due process. *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987). Rinard argues that he is not subject to the general or specific jurisdiction of this court.

■ A nonresident defendant may be subject to the general jurisdiction of a state if the activities of the defendant within that state are "substantial" or "continuous and systematic." *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977). Craig Showalter has produced

no evidence of the contact, if any, between Rinard and the State of Oregon. Rinard is, and has been at all times relevant to this dispute, a resident of the State of Washington. The accident which Craig Showalter alleges was caused by the negligence of Rinard occurred in the State of Washington.

■ Rinard also contends that he is not subject to the specific jurisdiction of this court pursuant to Or.R.Civ.P. 4. Rule 4 L extends personal jurisdiction to the maximum extent allowed by federal principles of due process. *State ex rel Hydraulic Servocontrols Corp. v. Dale,* 294 Or. 381, 657 P.2d 211 (1982). Due process requires that the nonresident defendant have certain minimum contacts with the forum so that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ This circuit has established three criteria to be used in determining whether jurisdiction is properly exercised over a nonresident defendant:

(1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Lake,* 817 F.2d at 1421. The court will consider whether these criteria have been met.

■ Craig Showalter has not alleged that Rinard purposefully directed his activities toward the State of Oregon or its residents or performed some act by which he availed himself of the benefits of the laws of the State of Oregon. Craig Showalter's claim arises out of an activity wholly confined within the borders of the State of Washington. Craig Showalter has alleged

no reason which would make the exercise of jurisdiction over Rinard reasonable. Based on these findings, the court holds that Rinard is not subject to the personal jurisdiction of this court. The claim against Rinard by Craig Showalter is dismissed for lack of personal jurisdiction. Rinard's motion to dismiss based on the statute of limitations is deemed moot.

*State Farm's Motion to Dismiss for Failure to State a Claim*

■ State Farm contends that the laws of the State of Washington, rather than the laws of the State of Oregon, govern this dispute because the policies and interests of the State of Washington are more at issue than the policies and interests of the State of Oregon, and because the State of Washington has the most significant contacts with this dispute. Before engaging in a conflict of laws analysis, the court must determine that there is a conflict of consequence which requires a choice of law. *Erwin v. Thomas,* 264 Or. 454, 457, 506 P.2d 494 (1973). There is no conflict between the laws of the State of Oregon and the laws of the State of Washington as to the elements necessary to constitute the tort of outrageous conduct. *See Turman v. Central Billing Bureau, Inc.,* 279 Or. 443, 568 P.2d 1382 (1977); *Brewer v. Erwin,* 287 Or. 435, 600 P.2d 398 (1979); *Grimsby v. Samson,* 85 Wash.2d 52, 530 P.2d 291 (1975).

State Farm contends that Craig Showalter's second claim for relief, outrageous conduct, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because: 1) any emotional distress suffered by Craig Showalter was not inflicted intentionally or recklessly by State Farm; 2) the conduct of State Farm in entering into the settlement agreement with Kris Showalter was not as a matter of law outrageous and extreme; and 3) Craig Showalter has not suffered the kind of severe emotional distress that is a necessary element of a cause of action for outrageous conduct.

■ The Washington Supreme Court has identified three requirements to state a cause of action for the tort of outrageous conduct:

1) The emotional distress must be inflicted intentionally or recklessly; mere negligence is not enough.

2) The conduct of defendant must be outrageous and extreme. Liability exists only where the conduct has been so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Restatement (Second) of Torts § 46, Comment d.

3) The conduct must result in *severe emotional distress* to the plaintiff. Restatement (Second) of Torts § 46, Comment j.

*Grimsby*, 530 P.2d at 295 (emphasis in original). These are the same elements required to state a cause of action for outrageous conduct under the laws of the State of Oregon. *Brewer v. Erwin*, 287 Or. 435, 600 P.2d 398 (1979); *Rockhill v. Pollard*, 259 Or. 54, 485 P.2d 28 (1971); *Flowers v. Bank of Am. Nat'l Trust and Sav. Ass'n*, 67 Or.App. 791, 679 P.2d 1385 (1984).

Before tendering the settlement check to Kris Showalter, the representative of State Farm, Robert Hoisington specifically discussed with Kris Showalter the status of her unpaid bills for medical treatment. Hoisington Affidavit, p. 4. He received assurances from her that she would use part of the settlement money to pay these medical bills. *Id.* Hoisington also telephoned the two largest medical creditors of Kris Showalter and was told by the bookkeeping department of each of these creditors that there was no balance owing from Kris Showalter.

Craig Showalter contends that the signature of Craig Showalter on the waiver that Kris Showalter submitted to State Farm was forged. He asserts that State Farm should have known this or been suspicious because Kris Showalter received head injuries during the automobile crash and was undergoing psychiatric treatment at the time she signed the settlement agreement. State Farm representative Robert Hoisington has submitted his testimony which is that Kris Showalter appeared lucid to him each time he had contact with her and at all times during the settlement negotiations, Hoisington Affida-

vit, p. 4, and that Kris Showalter actively participated in the settlement negotiations. *Id.*

Craig Showalter has not produced evidence to suggest that State Farm acted recklessly or intentionally in a way designed to cause emotional distress to him by accepting a waiver valid on its face and arriving at a negotiated settlement with Kris Showalter. Therefore, the court finds that the conduct alleged by Craig Showalter, even if true, does not support a claim for outrageous conduct under the laws of the State of Washington or the laws of the State of Oregon. The second claim for relief of Craig Showalter is dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

State Farm's motion to dismiss the second claim for relief for outrageous conduct (# 28) is granted. Rinard's motion to dismiss the first claim for relief for negligence (# 29–1) is granted. Rinard's alternative motion to dismiss the negligence claim (# 29–2) is deemed moot.

Craig Showalter has twenty days to file an amended complaint if he wishes.